PHILLIP S. GRINNELL *et al. vs.* THE MARINE GUANO AND
OIL COMPANY.

Public Laws R. I. cap. 563, § 7, of April 20, 1876, apply to suits pending at the time of
enactment as well as to actions subsequently brought.

DEFENDANTS' petition for a new trial.

This action was brought in the Court of Common Pleas against
three defendants, doing business as copartners under the firm name
of the Marine Guano and Oil Company, and came by appeal into
this court.   At the trial, the defendant claimed that no evidence
had been produced to fix any liability on two of the defendants,
and requested the presiding judge to instruct the jury that if
there was any misjoinder of parties defendant, and if the plain-
tiffs failed to prove a right of action against all the defendants
jointly, the verdict should be given for the defendants.   The
judge instructed the jury that " under a recent statute, passed
since the beginning of the suit, they might find against one, two,
or all of said defendants."   To this instruction the defendants
excepted, and after verdict against two of the defendants, this
petition was filed.

Pub. Laws, R. I. cap. 563, of April 20, 1876, enacted during
the pendency of this suit, provide :

" SECT. 1. Whenever in any action the plaintiff is in doubt as
to the person from whom he is entitled to recover, he may join
two or more defendants with a view of ascertaining which, if
either, is liable, and the plaintiff shall recover only against such
of the defendants as may be liable therein, and such as are not
liable shall recover their costs.

" SECT. 7. No action shall be defeated by the misjoinder of par-
ties if the matter in controversy can be properly dealt with and
settled between the parties before the court, and the court may
order any party improperly joined in any action to be stricken
out, or may, upon such terms as may be proper, order any other
person to be made a party to such action, and to be summoned in
to answer thereto ; and in any case the court may, and upon the
request of either party it shall, direct the jury to return a special
verdict upon any issue submitted to the jury."

*Providence, October* 16, 1880. PER CURIAM. We do not think there was any error in the ruling complained of. The statute, Pub. Laws R. I. cap. 563, § 7, of April 20, 1876, declares that " no action shall be defeated by the misjoinder of parties, if the matter in controversy can be properly dealt with, and settled between the parties before the court." The language is as applicable to pending as to future actions. It cannot be limited to future actions without violence to its obvious meaning. It is not an insuperable objection to a remedial statute that it affects pending suits, if it affects them remedially, and neither violates vested rights nor impairs the obligation of contracts. Cooley Constit. Limit. *381; *Rich* v. *Flanders*, 39 N. H. 304. In this case, the intent to have § 7 apply to pending suits is the more unquestionable, because § 1 gives substantially the same remedy for future cases. The petition will be dismissed, and judgment rendered for the plaintiff on the verdict against the defendants charged by the verdict, and for the other defendant against the plaintiff for his costs. *Petition dismissed.*

*William P. Sheffield*, for plaintiffs.
*Edward D. Bassett*, for defendants.