PASQUALINA CAPOBIANCO *vs.* UNITED WIRE & SUPPLY CORP.

JUNE 29, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   This petition was brought by an employee under the workmen's compensation act, general laws 1938, chapter 300, as amended by public laws 1949, chap. 2272, to amend a previously approved preliminary agreement for compensation on the ground that a certain injury was omitted therefrom by accident, mistake or unforeseen cause. The case is here upon the employee's appeal from a decree of the superior court denying and dismissing the petition.

The petitioner employee on June 16, 1945 was incapacitated by an accidental injury arising out of and in the course of her employment with the respondent. Thereafter a preliminary agreement describing the injury as "lumbosacral strain" and requiring the employer to pay compensation of $20 weekly during the employee's total incapacity under the act was approved by the director of labor. Such payments of compensation were duly made until November 8, 1945 when the employee returned to her work. A settlement receipt was executed on November 19, 1945 and was duly approved by the director of labor on December 21, 1945.

Some years later, in April 1949, the petioner attempted to claim an appeal from the preliminary agreement itself, rather than from any decision upon a proper petition, on the ground that the agreement was obtained by fraud, coercion or mutual mistake of fact. In that case this court sustained the dismissal of the appeal for reasons therein stated but ordered the decree to be amended so that petitioner "will not be prejudiced thereby in the event that she has recourse hereafter to the procedure which we have prescribed above as appropriate." *Capobianco* v. *United Wire & Supply Corp.*, 77 R. I. 474.

Thereafter, instead of bringing a new petition based upon allegations of fraud or coercion to be heard in the first instance by the director of labor as indicated in that opinion, the employee filed the instant petition under P. L. 1949, chap. 2272, which was enacted in amendment of G. L. 1938, chap. 300, article III, §1, and became effective May 5, 1949. At a hearing thereon in the superior court there was evidence tending to show that petitioner had sustained a traumatic infected pilonidal sinus, which condition was causally related to the accident and injury. There was also evidence, however, that the employer at the time of the agreement considered that such injury had been healed; that in any event it was not incapaci-

tating under the act; and that consequently respondent intentionally drew and entered into the preliminary agreement based only on the incapacitating injury therein described as "lumbo-sacral strain."

The trial justice found on the evidence that petitioner had "sustained a pilonidal cyst or infection"; that there was a causal relation between such injury and the accident; that the omission thereof from the agreement was not due to accident, mistake or unforeseen cause, or failure correctly to diagnose the injury; and that the amendment of art. III, §1, by chap. 2272 was not retroactive in operation and therefore that it applied only to a preliminary agreement which had been entered into and approved after May 5, 1949, the effective date of said chapter. On these grounds a decree was entered denying and dismissing the petition.

The petitioner contends substantially that chapter 2272 should be construed retrospectively to cover the instant agreement; that the statute is purely procedural in its effect and therefore can be retroactively applied without affecting any alleged constitutional rights of the respondent; and that if the parties under other provisions of the act may not waive an employee's injury, this chapter should not be construed to permit the employer on its own volition to leave out certain injuries that were causally connected with the accident and injury. In short petitioner argues that the trial justice erred not only in finding that the failure to include in the preliminary agreement the employee's infected pilonidal sinus was not due to accident, mistake or unforeseen cause, but also in ruling that chapter 2272 does not apply to a preliminary agreement entered into and approved under the act prior to May 5, 1949. The petitioner further contends that the trial justice also erred in refusing the request of her counsel to make available in the trial a certain report of respondent's foreman prepared in the usual course of his duties relative to accidents.

On this record the controlling question is whether chapter 2272, under which the petition is filed, was intended to be retroactive so as to apply to compensation agreements entered into and approved prior to May 5, 1949. In our judgment the trial justice was correct in holding that said chapter applies only to agreements under the act which are approved after the passage of that statute.

The pertinent part of chapter 2272 reads as follows:

"Section 1. If the employer and the employee reach an agreement in regard to compensation under this chapter, a memorandum of such agreement signed by the parties shall be filed in the office of the director of labor, who shall forthwith docket the same in a book kept for that purpose. * * * No appeal shall lie from the agreement thus approved unless upon allegation that such agreement has been procured by fraud or coercion; *provided, however,* where the agreement, due to accident, mistake, unforeseen cause or due to failure to correctly diagnose the injury, fails to set out correctly all the injuries received by the injured employee or fails to set out all parts of the body affected by such injuries, then upon petition, setting forth all the additional facts, filed by the aggrieved party and served in the same manner as is provided for in this chapter for all other petitions for review, the director of labor may hear such petitions and file his written decision in accordance with the provisions of section 4 of article III. * * *

"Sec. 2. This act shall take effect upon its passage and all acts and parts of acts inconsistent herewith are hereby repealed."

It is a general rule of construction that a statute is presumed to operate prospectively and will not be construed to be retroactive in its operation unless that intent clearly appears from express language or by necessary implication. *Erie Railroad Co.* v. *Callaway,* 91 N. J. L. 32; *United States* v. *Heth,* 3 Cranch 399, 413. This state, in harmony with the overwhelming weight of authority, has adopted and followed that rule. *Jennings* v. *U. S. Bobbin & Shuttle Co.,*

44 R. I. 388; *Morrison* v. *Lamarre,* 75 R. I. 176; *Russell* v. *National Life Ins. Co.,* 77 R. I. 127. No such express language or necessary implication is found in the statute in question to require a construction that would give it retroactive operation.

On the contrary there is good reason to consider that chapter 2272 was intended to operate prospectively. We have held repeatedly that on a petition to review an agreement only the terms thereof are in issue and that it cannot be attacked or otherwise amended excepting as provided in the act. *Manville Jenckes Corp.* v. *Lubinski,* 76 R. I. 36, 68 A. 2d 107; *Meierovitz* v. *George A. Fuller Co.,* 75 R. I. 378; *Airedale Worsted Mills, Inc.* v. *Cote,* 75 R. I. 361, 364.

Apart from chapter 2272 the act provided for new or original petitions to cover instances where the agreement was obtained by fraud or coercion, and according to a later amendment where an erroneous wage rate was adopted in the agreement. Now chapter 2272 has added further provisions whereby in a proper case a petitioner may seek relief where, due to accident, mistake or unforeseen cause, or an incorrect diagnosis, certain injuries may have been omitted from the preliminary agreement. Under the act such an agreement was and is entirely voluntary and not compulsory upon the parties. If they desire, or are not in agreement, all issues may be tried on an original petition without consenting to enter into a preliminary agreement.

The parties entering into any agreement after the enactment of chapter 2272 would have in mind the possibility that a proceeding could be taken in the future in accordance with its terms, and could govern themselves accordingly as to entering into a preliminary agreement. But where the act had no such provision at the time the agreement was made and approved, it could not reasonably have been contemplated by the parties that they were agreeing to anything except the injury described therein, subject only to a review or amendment of the agreement in accordance

314

with procedures then existing in the act. In such a case we find no support for later forcing upon an unwilling employer a substituted agreement so as to include an injury which had not been found to be compensable and which the employer had refused to agree to from the beginning.

It may well be argued that chapter 2272 is more than merely procedural, but whether procedural or substantive it does not disclose expressly or by necessary implication a clear intent on the part of the legislature to make it retroactive in its effect. We find nothing in the history, purpose or provisions of the act in these particulars which requires a construction that the statute should be applied retroactively rather than prospectively. Therefore a compensation agreement, as here, entered into by the parties and approved by the director of labor prior to May 5, 1949, the effective date of the statute, does not come within its terms.

In view of this conclusion it becomes unnecessary to consider the other questions, constitutional or otherwise, which have been raised by the employee and argued in connection with her reasons of appeal.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Goldberg & Goldberg, Philip B. Goldberg, Leo M. Goldberg, Joseph Palmieri,* for petitioner.

*Worrell & Hodge, Lee A. Worrell,* for respondent.