410 A.2d 432.

STATE OF RHODE ISLAND *vs.* ELIZABETH HEALY.
ELIZABETH HEALY *vs.* STATE OF RHODE ISLAND.

JANUARY 22, 1980.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J.   This is an appeal from a decree of the Workers' Compensation Commission (Commission) denying the employer's petition to review a preliminary agreement approved March 31, 1975, and granting the employee's petition to enforce the agreement for payment of benefits for total incapacity, pursuant to G.L. 1956 (1979 Reenactment) §28-33-17.[1]

The facts are not in dispute. On January 28, 1975, Elizabeth Healy (employee) was employed by the State of Rhode Island (employer). While so employed, she was injured in the course of her employment, resulting in total

---

[1]General Laws 1956 (1979 Reenactment) §28-33-17, reads in pertinent part:

"While the incapacity for work resulting from the injury is total, the employer shall pay the injured employee a weekly compensation equal to sixty-six and two thirds per cent (66 2/3%) of his average weekly wages * * *."

incapacity. On March 21, 1975, the parties executed a preliminary agreement, approved by the Director of Labor, which provided that the employer was to pay the employee compensation for total incapacity.

From that date forward the employee received benefits until she returned to work. Upon the employee's return, the employer, without executing and filing a suspension agreement and receipt, and without a decree of the Workers' Compensation Commission, terminated payments.

In April 1978, the employer filed a petition to review the agreement, alleging that the employee had returned to work and was earning wages equal to or in excess of wages earned at the time of the injury. The employee responded to the employer's petition to review by filing a petition to enforce the agreement, alleging that the employer failed to comply with the agreement and, therefore, was in contempt.

After a hearing the trial commissioner dismissed the employer's petition to review, granted the employee's petition to enforce, and found the employer in contempt. He then ruled that the employer could purge itself by making payments pursuant to 28-35-42.[2]

While this case was pending, the Legislature enacted into law chapter 232 of the P.L. 1978, §28-33-17.1[3] and

---

[2]General Laws 1956 (1979 Reenactment) §28-35-42 reads in pertinent part:

"Payment of compensation becomes due upon the signing of a voluntary agreement by the parties and weekly thereafter on the same day."

[3]General Laws 1956 (1979 Reenactment) §28-33-17.1, as enacted by P.L. 1978, ch. 232, §1, states in pertinent part:

"An employee shall not be entitled to compensation under chapters 29 to 38 inclusive, of this title for any period during which said employee was gainfully employed at an average weekly wage equal to or in excess of that which he was earning at the time of his injury, notwithstanding an existing agreement or decree to the contrary."

§28-33-18.1,[4] which in essence provided for the unilateral termination of an agreement in Workers' Compensation if the employee returned to work and was receiving earnings equal to or in excess of wages earned at the time of the injury.

The Commission affirmed the decison of the trial commissioner and made findings that the employer failed to make the payments as provided, that the employer had not terminated the agreement pursuant to the Workers' Compensation Act, and that, because the subsequent enactment of §28-33-17.1 and §28-33-18.1 was substantive in character, it could only be applied prospectively and not retroactively. The Commission, therefore, ruled that the statutes were inapplicable in the instant case.

The issue before us is whether §28-33-17.1 and §28-33-18.1 should be applied retroactively to cases pending at the time of their enactment.

The employer contends that the statutes[5] in issue are procedural and remedial and that the Legislature intended them to be applied retroactively so as to prevent the "double dipping" allowed by the Act as construed by this court in *Walker* v. *Kaiser Aluminum & Chemical Corp.*, 119 R.I. 581, 382 A.2d 173 (1978).

This court in *Walker* held that no employer may unilaterally suspend payment of compensation benefits called for by a preliminary agreement. In order to obtain affirmative relief from that obligation, the employer must resort to the procedure made available by the Act. He must file an executed suspension agreement and receipt, or file a petition to review

---

[4]General Laws 1956 (1979 Reenactment) §28-33-18.1, as enacted by P.L. 1978, ch. 232, §1, states in pertinent part:

"An employee shall not be entitled to be paid compensation for total incapacity under chapter 29 to 38 inclusive, of this title, for any period during which said employee was gainfully employed at an average weekly wage less than that which he was earning at the time of his injury notwithstanding an existing agreement or decree to the contrary."

[5]See footnotes 3 and 4.

the preliminary agreement and have the Commission terminate it by decree.

The Legislature, responding to the decision in *Walker, supra,* enacted §28-33-17.1 and §28-33-18.1, ch. 232 of the P.L. 1978, the so-called "double dipping" statute. This statute essentially provided that notwithstanding an existing agreement or decree to the contrary and regardless of his new wage, an employee who is gainfully employed is not entitled to benefits for total incapacity and is not entitled to partial benefits unless his weekly wage is less than that which he was earning at the time of his injury.

The employer does not dispute the principle of law that the rights of the employee in compensation are governed by the law in force on the date of his injury. *Ludovici* v. *American Screw Co.*, 99 R.I. 747, 748, 210 A.2d 648, 649 (1965); *see Brown* v. *Hope Serv. Station, Inc.*, 122 R.I. 74, 403 A.2d 1387 (1979); *Cabral* v. *Converse Rubber Co.*, 121 R.I. 606, 401 A.2d 1281 (1979). These are substantive rights that vest at the time the agreement is executed and approved. *See Carpenter* v. *Globe Indemnity Co.*, 65 R.I. 194, 14 A.2d 235 (1940). The employer contends, however, that the amendments to the Workers' Compensation Act, §28-33-17.1 and §28-33-18.1 approved in May 1978, P.L. 1978, ch. 232, §1, are procedural in nature and were intended to be applied retroactively. He argues that the Legislature did not mean to work any substantive changes but merely to affect the procedure by which the employer can terminate compensation benefits to which the employee is no longer entitled because he has regained his preinjury earning capacity.

As a general rule a statute is presumed to operate prospectively and not retrospectively, unless it appears by clear, strong language or by necessary implication that the Legislature intended to give the statute retroactive force and effect. *C.H. Langdeau* v. *Narragansett Insurance Co.*, 96 R.I. 276, 279, 191 A.2d 28, 30 (1963); *Capobianco* v. *United Wire & Supply Co.*, 78 R.I. 309, 312, 82 A.2d 170, 172 (1951).

In construing a statute, we must give the words of the Act their plain and ordinary meaning.[6] An examination of §28-33-17.1 and §28-33-18.1, as enacted by P.L. 1978, ch. 232, §1, shows no language which expresses or specifically indicates that the Act was meant to operate retroactively. The absence of language specifically requiring retrospective effect is significant. The Legislature passed this statute in response to *Walker, supra.* It was well aware that a number of cases were pending which involved this question. Thus its silence on retrospective application is strong evidence of a prospective intent.

The employer further argues that even if it contains no language evincing a clear legislative intent, the statute may nonetheless be given retroactive effect if it is merely remedial. The employer places great reliance on the case of *Imperial Knife Co., Inc.* v. *Gonsalves,* 86 R.I. 68, 133 A.2d 721 (1957). Its dependence on that case is misplaced. In that case the court characterized the statute as procedural, and, therefore, framed the question to be determined as one of legislative intent. The court proceeded to infer from the language of the statute that the Legislature intended that the act apply retroactively.

It is true that purely remedial and procedural statutes that in no way affect substantive rights can be held to be retroactive in their operation. But, whether they are to be given retroactive effect depends upon ascertaining the Legislature's intent to make them procedural or remedial. *Fox* v. *Fox,* 115 R.I. 593, 597, 350 A.2d 602, 604 (1976).

The procedural-act "exception to the presumption of prospectivity" may only be employed if its invocation "neither violates vested rights nor impairs the obligation of contracts."

---

[6]We are cognizant of the fact that in statutory construction the words used are to be given their plain meaning unless a contrary intention clearly appears; except when the language admits of ambiguity, the words of a statute cannot be interpreted or extended but must be applied literally. *Roe* v. *Affleck,* 120 R.I. 679, 688, 390 A.2d 361, 366 (1978); *In re Shepard Co.,* 115 R.I. 290, 342 A.2d 918 (1975); *Podborski* v. *Haskell Mfg. Co.,* 109 R.I. 1, 8, 279 A.2d 914, 918 (1971).

*Grinnell* v. *Marine Guano and Oil Co.*, 13 R.I. 135, 136 (1880); *see Romano* v. *B.B. Greenberg Co.*, 108 R.I. 132, 136, 273 A.2d 315, 317 (1971).

In the field of Workers' Compensation, it is held that once an injury occurs and an agreement is executed, " 'a contract right to compensation in the amount prescribed for the injury in question * * * may not be destroyed by subsequent retroactive laws." ' *Cipriano* v. *Personnel Appeal Bd.*, 114 R.I. 141, 145, 330 A.2d 71, 73-74 (1975) (quoting 2 Sutherland, *Statutory Construction* §41.07 at 276 (4th ed. 1973)).

We have repeatedly held that an employee's right to compensation must be determined according the Workers' Compensation statutes existing at the time of the injury. *Parkinson* v. *Leesona Corp.*, 115 R.I. 120, 126, 341 A.2d 33, 37 (1975); *Romano* v. *B.B. Greenberg Co., supra,* at 136, 273 A.2d at 317 (1971). A statute enacted thereafter cannot be applied retroactively to modify a preexisting compensation right which has already vested in the injured employee. *See Cipriano* v. *Personnel Appeal Bd., supra,* at 144, 330 A.2d at 73-74.

This Act could not have any retroactive application, because to do so would be to impair and to violate rights that vested in the employee at the time of the injury.

Therefore, having decided that the employee's right had already vested prior to the enactment of the amendment, we need go no further, other than to hold that the amendments enacted by the Legislature have a prospective effect only and will not affect pending actions.

The employer's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Workers' Compensation Commission.

*Dennis J. Roberts II*, Attorney General, *Richard B. Woolley*, Special Assistant Attorney General (for State of Rhode Island).

*Lovett and Linder, Ltd., Raul L. Lovett, Lauren E. Jones* (for Elizabeth Healy).