Earl RATHBUN

v.

LEESONA CORPORATION.

No. 82–478–Appeal.

Supreme Court of Rhode Island.

June 1, 1983.

Richard A. Skolnik, Providence, for petitioner.

Catherine Carroll-Chiulli, Providence, for respondent.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal from a decree of the Workers' Compensation Commission (commission) denying the employer's petition to review and granting the employee's petition to enforce the terms of a decree. The employer appeals.

On September 17, 1979, Earl Rathbun sustained an injury while employed at Leesona Corporation (Leesona). He was paid compensation benefits pursuant to a preliminary agreement executed by the parties on September 26, 1979, which described the injury as a muscle strain in the right shoulder. After signing a suspension agreement and receipt, the employee returned to work on March 17, 1980, but left on April 15, 1980. The employee filed one petition alleging a new injury (No. 80–1667) and a second petition asserting a return to total incapacity because of the 1979 injury (No. 80–1668). The two petitions were consolidated for hearing. The trial commissioner found that the employee's incapacity was a recurrence of the 1979 injury. The decrees entered on October 29, 1980, ordered the employer to pay total disability benefits from April 15, 1980, to May 2, 1980, and partial disability benefits beginning May 3, 1980, and continuing thereafter.

The employee resumed working on December 1, 1980, but left again on May 4, 1981. The employer ceased paying compensation under the October 29, 1980 decree when the employee returned to work in December. Leesona did not resume making payments when the employee subsequently became disabled and stopped working in May.

The employee then filed three petitions. One petition requested review of the decree currently in force because the employee was now totally disabled. The second petition sought compensation for a new injury sustained on May 4, 1981. The third was a petition to enforce the decree of October 29, 1980, which ordered partial-disability compensation from May 3, 1980, and continuing thereafter. The first two petitions were severed and are still pending. The third petition was consolidated for hearing with a petition to review the October 29, 1980 decree filed by the employer.

The trial commissioner found that the employer cannot unilaterally terminate an employee's compensation benefits. He concluded that the employer is obligated both to resume payments under any outstanding decree when the employee is no longer gainfully employed and to continue paying until relief is granted pursuant to the procedures in the Workers' Compensation Act (the act). The trial commissioner therefore ordered that the employer be found in contempt for failure to comply with the provisions of an outstanding decree. Consequently, the employee's petition to enforce was granted and the employer's petition to review was denied and dismissed. These decrees were entered March 29, 1982. The commission affirmed the trial commissioner's decisions.

The sole question before this court is whether G.L. 1956 (1979 Reenactment) §§ 28–33–17.1 and 28–33–18.1, referred to as the "double-dipping" statutes, allow an employer to unilaterally terminate all outstanding agreements and decrees.

The employer, Leesona, contends that these statutes authorize an employer (1) to unilaterally cease payment of workers' compensation benefits when an employee returns to gainful employment and (2) to terminate any existing decree.

The employee, in response, argues that although §§ 28–33–17.1 and 28–33–18.1 authorize termination of benefits for the period during which the employee is working, these provisions do not provide for automatic termination of any outstanding decrees. Therefore, the employee asserts, the employer is obligated to resume payments under any outstanding decree when the employee is no longer gainfully employed and to continue paying until relief is granted pursuant to the procedures in the act. We agree with the employee and affirm.

Under existing compensation law, an employer cannot unilaterally modify, alter, or terminate a decree or order. An employer must seek relief by utilizing one of the procedures made available by the act.[1] *See, e.g., Walker v. Kaiser Aluminum & Chemical Corp.,* 119 R.I. 581, 585, 382 A.2d 173, 176 (1978). After examining §§ 28–33–17.1 and 28–33–18.1, we find no indication that these provisions constitute an exception to this basic principle by automatically terminating all outstanding decrees, orders, and agreements upon the employee's return to work.

Section 28–33–17.1 states:

"An employee shall not be entitled to compensation under chapters 29 to 38 inclusive, of this title for any period during which said employee was gainfully employed at an average weekly wage equal to or in excess of that which he was earning at the time of his injury, notwithstanding an existing agreement or decree to the contrary."

Section 28–33–18.1 provides that an employee is not entitled to compensation for total incapacity while he/she is gainfully employed at an average weekly wage less than that which he/she was earning at the time of the injury.

The Legislature enacted §§ 28–33–17.1 and 28–33–18.1 in response to this court's decision in *Walker v. Kaiser Aluminum & Chemical Corp.,* 119 R.I. 581, 382 A.2d 173 (1978). In *Walker* we held that an employer may not unilaterally terminate its obligation to pay benefits under an existing agreement or decree when an employee returns to work. *Id.* at 585, 382 A.2d at 176. Under *Walker,* when an employee returned to work, he was still entitled to benefits unless the employer affirmatively sought relief by resorting to the procedures set out in the act for termination or modification of decrees, orders, and agreements. The purpose of §§ 28–33–17.1 and 28–33–18.1 is specifically to prevent this "double-dipping" by an employee.

In construing a statute, the court must give the words their plain and ordinary meaning. *Roadway Express, Inc. v. Rhode Island Commission for Human Rights,* R.I., 416 A.2d 673 (1980). If the language of the statute is clear and unambiguous and conveys a definite and sensible meaning that does not contradict an evident legislative purpose, the court must apply the words literally. *Rhode Island Chamber of Commerce v. Hackett,* R.I., 411 A.2d 300 (1980); *Berberian v. Town of Westerly,* 119 R.I. 593, 381 A.2d 1039 (1978).

Sections 28–33–17.1 and 28–33–18.1 clearly state that an employee is not entitled to compensation under an outstanding decree for any period during which he is "gainfully employed." These provisions merely allow the employer to suspend payments and to seek affirmative relief under the act. There is nothing in the language of these provisions that provides for automatic termination of a viable decree upon the employee's return to work.[2] A decree remains viable until such time as relief is granted pursuant to the procedures in the act. Therefore, in the absence of any modification pursuant to the act, an employer's obligation to pay compensation benefits under an outstanding decree is revived when the employee ceases to be "gainfully employed," and the employer must resume payments.

---

1. These procedures include: (1) relief granted on a petition to review pursuant to G.L.1956 (1979 Reenactment) § 28–35–45; (2) approval of a suspension agreement and receipt executed by the parties; and (3) authorization as provided for in §§ 28–35–46 through 28–35–56 after notice from the employer to the employee and the commission of its intention to suspend, discontinue, or reduce payments.

2. The employer, Leesona, relies in part on language in *State v. Healy,* R.I., 410 A.2d 432 (1980), to support its position that these statutes impliedly operate to terminate any existing decrees or agreements when the employee returns to work. Our decision in *Healy,* however, is limited to the conclusion that these "double-dipping" provisions may not be applied retroactively to injuries occurring prior to the effective date of the legislation. *Id.,* 410 A.2d at 435. Therefore, the employer's reliance on the dicta in *Healy* is misplaced.

In the instant case, the decree of October 29, 1980, awarding benefits to the employee, Rathbun, was outstanding at the time Rathbun returned to work December 1, 1980, and at the time he left work on May 4, 1981. The employer had not availed itself of any of the act's procedures for relief. Instead, Leesona unilaterally terminated payments when Rathbun returned to work and did not resume paying benefits under the outstanding decree when Rathbun ceased working. Rathbun is not seeking compensation benefits for the period during which he returned to gainful employment. He only seeks to recover benefits for the period beginning May 4, 1981, when he was no longer gainfully employed and was incapacitated.

Based on the foregoing discussion, we find that Leesona's obligation under the outstanding decree was revived when Rathbun ceased to be gainfully employed and that §§ 28–33–17.1 and 28–33–18.1 are inapplicable.

The employer's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Workers' Compensation Commission.