### In re Clement DESMAIRAIS et al.

### No. 82–135–Appeal.

Supreme Court of Rhode Island.

June 8, 1984.

Dennis J. Roberts II, Atty. Gen., Joseph F. Dugan, Sp. Asst. Atty. Gen., for plaintiff.

Milton Stanzler, Abedon, Michaelson, Stanzler, & Biener, Providence, for defendant.

## OPINION

PER CURIAM.

On November 28, 1981, Rhode Island State Police officers, pursuant to a search warrant, seized three allegedly obscene

films from a local drive-in theater. A demand for a hearing to determine whether the films were obscene was filed by petitioners on November 30, 1981, in the Superior Court. The Attorney General's office was notified of this demand that day. A hearing was conducted on December 3, 1981. The trial justice ordered that the films be returned to the petitioners because a hearing was not held within the three days mandated by statute. The state's request for a stay of this order was denied by the trial justice and subsequently denied by this court. The state appealed the order.

Whenever a State Police officer, pursuant to a search warrant, seizes property alleged to be obscene, the person claiming an interest in the material is entitled to a hearing *within three days of the seizure*, provided that the person requests the hearing. General Laws 1956 (1981 Reenactment) § 12–5–8.[1] The purpose of the statute is to provide a judicial determination of whether the material alleged to be obscene is entitled to First Amendment protection. The statute serves to minimize any delay within which possible violations of First Amendment rights may be adjudicated.

The state's assertion that the statute requires that a hearing be held within three days of petitioner's demand for the hearing is without merit. In construing a statute, the court must give the words their plain and ordinary meaning. *Rathbun v. Leesona Corp.*, R.I., 460 A.2d 931, 933 (1983). This statute is clear and unambiguous—a hearing must be held within three days of the seizure of the allegedly obscene material. To go beyond these explicit words would be to negate the plain meaning of the statute.

In the present case, the property was seized on Saturday, November 28, 1981, and the petitioner demanded a hearing on Monday, November 30, 1981. The hearing was held on Thursday, December 3, 1981—beyond the three days after seizure mandated by § 12–5–8. The trial justice therefore properly ordered the return of the films to the petitioner.

For the reasons stated, the state's appeal is denied and dismissed, the judgment of the Superior Court is affirmed, and the case is remanded to the Superior Court.

---

1. The General Assembly amended G.L.1956 (1981 Reenactment) § 12–5–8, effective May 28, 1982, to provide that the hearing be held within three days of "the time a written demand is submitted to a judge of the Superior Court and notice served upon the Attorney General * * *." P.L.1982, ch. 244, § 1.