Mary McCULLOUGH

v.

**STATE of Rhode Island.**

**No. 82–445–Appeal.**

Supreme Court of Rhode Island.

April 10, 1985.

David B. Green, Yesser Jessup & Green, Providence, for plaintiff.

Arlene Violet, Atty. Gen., Linda S. MacDonald, Asst. Atty. Gen., Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal by the plaintiff from a judgment of the Superior Court denying her claim for compensation for personal injuries arising under the Criminal Injuries Compensation Act, G.L.1956 (1981 Reenactment) chapter 25 of title 12.

The facts are not in dispute. The plaintiff is a fifty-nine-year-old widow who lives alone in a modest home in the rural section of Foster, Rhode Island. She is employed in the school-lunch program at a local school cafeteria. On March 25, 1981, she returned home from work and discovered that her house had been broken into and thoroughly vandalized. As a result of the destruction of her home, she lost seven days from work and was forced to seek medical care and, subsequently, psychiatric counseling. In a short time two juveniles were identified, apprehended and charged with violation of G.L.1956 (1981 Reenactment) § 11–8–3.[1] The Family Court dis-

---

1. General Laws 1956 (1981 Reenactment) § 11–8–3 reads:

   "Entry of building or ship with felonious intent.—Every person who, with intent to commit murder, sexual assault, robbery, ar-

son or larceny, shall enter any dwelling house or apartment at any time of the day or night, or who with such intent shall, during the daytime, enter any other building, or ship or vessel, shall be imprisoned not more than ten

position placed each youth on six months' probation; no restitution was ordered.[2]

On September 24, 1981, plaintiff filed a complaint pursuant to § 12–25–3 of the Criminal Injuries Compensation Act. She alleged that as a result of the offenses committed on May 25, 1981, she had sustained compensable injuries and requested an award in the amount of $25,000 plus reasonable attorneys' fees.

The trial justice found that the emotional trauma sustained by plaintiff was caused by the destruction of her home. However, the trial justice concluded that plaintiff suffered no direct injury from the offense and therefore could not be considered a "victim" within the meaning of the Criminal Injuries Compensation Act.[3]

The sole issue presented is whether a person who is an indirect victim of a crime is entitled to compensation for injuries sustained under the provisions of the Criminal Injuries Compensation Act.

The plaintiff contends that because her injuries arose from an offense coming within the parameters of § 12–25–4(13), she is therefore a victim as defined by the statute.

The defendant argues that § 12–25–4 enumerates violent crimes and infers that the Legislature did not contemplate extending relief to persons who do not directly suffer injuries from violent offenses. Additionally, defendant asserts that a primary concern of the act is to preserve the fiscal integrity of the fund and that, consequently, questionable claims should be excluded. Finally, defendant contends that statutes that permit recovery against the state must be narrowly construed to deny liability unless specifically permitted.

It is the duty of this court to determine the legislative intent from a consideration of the statute in its entirety.

Turning to § 12–25–2(6), we find "Victim" defined as "a person who is injured or killed by any act of a person or persons which is within the description of any of the offenses specified in § 12–25–4 * * *."[4] In addition to the specific violent offenses enumerated in § 12–25–4, there is an omnibus provision extending statutory coverage to "any other crime, excluding motor vehicle offenses, which results in personal injury or death." Section 12–25–4(13).

■ It is a fundamental axiom of statutory interpretation that remedial statutes such as this are construed liberally, consistent with the underlying legislative purpose. *Ayers-Schaffner v. Solomon,* R.I., 461 A.2d 396, 399 (1983). Here the unmistakable legislative aim is to compensate victims of crime. There is no language in the statute restricting recovery to victims of violent crimes. Nor does the statute re-

(10) years or be fined not more than five hundred dollars ($500) or suffer both such fine and imprisonment."

2. In fact, plaintiff was neither asked to be a witness nor apprised of the juveniles' court appearances.

3. The trial justice construed the statute to compensate only direct victims of crimes, that is, persons present when the crime was committed.

4. General Laws 1956 (1981 Reenactment) § 12–25–4 provides:
"Offenses to which this chapter applies.— The court may render judgment for compensation in accordance with the provisions of this chapter for personal injury or death which resulted from offenses in the following categories:

(1) assault with intent to commit murder, robbery or rape;
(2) assault with a dangerous weapon;
(3) assault and battery;
(4) mayhem;
(5) indecent assault and battery on a child under thirteen (13) years of age;
(6) arson, or statutory burning;
(7) kidnapping;
(8) robbery, or larceny from the person;
(9) murder;
(10) manslaughter;
(11) rape;
(12) the abominable and detestable crime against nature, or assault with intent to commit the same;
(13) and any other crime, excluding motor vehicle offenses, which results in personal injury or death."

quire that the injury or loss occur simultaneously with the criminal act.

■ In construing a statute, we must give words their plain and ordinary meaning. *Rathbun v. Leesona Corp.*, R.I., 460 A.2d 931, 933 (1983). The plaintiff suffered a personal injury as that term is defined in § 12–25–2(4).[5] She suffered pecuniary losses in the form of lost wages and medical expenses, including psychiatric care. Section 12–25–2(7)(A). The plaintiff demonstrated conclusively, and the trial court accordingly found, that plaintiff's injuries and losses arose from the destruction of her home. We find no requirement in the statute that the victim be present or directly experience the offense to come within the scope of the statute. Section 12–25–4(13) is an omnibus provision extending the compensatory remedy to a victim of "any other crime * * * which results in personal injury or death." The plaintiff was clearly the "victim" of an offense pursuant to § 12–25–4(13) and is therefore entitled to compensation under this act. There is no support in this statutory language to bolster the defendant's contention that a victim who suffers an emotional injury must satisfy the civil standard[6] to recover under the statute. Similarly, the all-too-familiar arguments that customarily accompany a case of this nature—"the floodgates of litigation will be opened" or "the financial integrity of the fund will be impaired"—do not move this court. Such comments should be directed to the legislature.

The plaintiff's appeal is sustained, the judgment appealed from is reversed, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

**5.** Section 12–25–2(4) provides: "The term 'Personal injury' means actual bodily harm, mental or nervous shock, and [sic] a pregnancy resulting from a sexual attack."

**6.** The civil standard for negligent infliction of emotional distress is set forth in *D'Ambra v. United States*, 114 R.I. 643, 338 A.2d 524 (1975). The zone-of-danger test articulated in *D'Ambra*,

however, has no relevance in determining eligibility for compensation under this act. The Legislature expressly opened recovery to persons injured by the commission of crimes enumerated in § 12–25–4. When the Legislature has spoken clearly, we will not infer a contrary result.