NEWPORT YACHT MANAGEMENT, INC. and Sargent Investors, Inc.

v.

R. Gary CLARK, Tax Administrator.

NEWPORT YACHT MANAGEMENT, INC.

v.

R. Gary CLARK, Tax Administrator.

Nos. 88–321–M.P., 88–324–M.P.

Supreme Court of Rhode Island.

Dec. 19, 1989.

Christophe C. Whitney, Adler, Pollock & Sheehan, Inc., Providence, for plaintiff.

Marcia McGair Ippolito, Chief Legal Officer, Bernard J. Lemos, Div. of Tax., for defendant.

Before FAY, C.J., and KELLEHER, WEISBERGER, MURRAY and SHEA, JJ.

## OPINION

FAY, Chief Justice.

This matter is before the Supreme Court on two separate petitions for certiorari, both of which seek review of a decision of the Sixth Division District Court awarding the plaintiff, Newport Yacht Management, Inc. (taxpayer), attorney's fees under the Rhode Island Equal Access to Justice for Small Businesses and Individuals Act. G.L. 1956 (1984 Reenactment) chapter 92 of title 42, as enacted by P.L.1985, ch. 215, § 1. The petitions have been consolidated for purposes of this review. The facts relevant to this case are as follows.

In January 1985 the Rhode Island Division of Taxation (tax division) issued a sales-tax assessment against the taxpayer in the amount of $63,940.41. The taxpayer requested an administrative review of the assessment, and a hearing was held at the tax division in May 1985.

On June 25, 1985, while the administrative decision was pending, the General Assembly enacted P.L.1985, ch. 215, the Equal Access to Justice for Small Businesses and Individuals Act (Equal Access to Justice Act). The act was made effective upon the date of its passage.

Thereafter, on July 22, 1985, the hearing officer issued his final decision whereby he revised the sales-tax assessment against taxpayer to $256.67. Pursuant to the Equal Access to Justice Act, the taxpayer subsequently filed a claim with the tax administrator seeking $17,630.33 in litigation expenses.[1] The hearing officer denied this claim in its entirety.

1. General Laws 1956 (1984 Reenactment) chapter 92 of title 42, as enacted by P.L.1985, ch. 215, § 1, the Equal Access to Justice Act, provides, in part:

"42-92-1. *Purpose.*—* * * The legislature further finds that by contesting an unjust agency action and prevailing, the individual or small business often performs an important service to the public because it compels the agency to enforce the laws of this state as they were written by the elected representatives of this state. Therefore, in order to encourage individuals and small businesses to contest unjust actions by the state agencies, the legislature hereby declares that the financial burden borne by these individuals and small businesses should be, in all fairness, subject to state reimbursement of reasonable litigation expenses when the individual or small business prevails in contesting an agency action, which was without substantial justification."

"42-92-3. *Award of reasonable litigation expenses.*—Whenever the agency conducts an adjudicatory proceeding subject to this chapter, the adjudicative officer shall award to a prevailing party reasonable litigation expenses incurred by the party in connection with that proceeding. The adjudicative officer will not award fees or expenses if he finds that the agency was substantially justified in actions leading to the proceedings and in the proceeding itself."

In October 1985, pursuant to § 42–92–5, the taxpayer filed an appeal in the District Court, seeking judicial review of the hearing officer's decision to deny its litigation-expense claim. In February 1986 the taxpayer filed a motion to amend its complaint to include an additional $6,106.25 in legal fees and costs incurred while pursuing the appeal.

On June 29, 1988, the District Court issued its decision. The court held that the Equal Access to Justice Act is a remedial statute affecting procedural rights only and as such could be applied to administrative matters pending at the time of its passage. Consequently the court applied the act to the taxpayer's litigation-expense claim and awarded the taxpayer $16,087.50 in attorney's fees. However, no mention was made in the decision concerning the additional litigation-expense claim contained in the taxpayer's amended complaint. Both parties petitioned this court for certiorari to review the District Court's decision.

Before this court the tax administrator claims that the District Court erred in ruling that the Equal Access to Justice Act is a remedial statute that could be applied to matters pending at the time of its enactment in the absence of express legislative indication that it was to be applied retroactively. The taxpayer claims that the District Court was correct in applying the Equal Access to Justice Act retroactively. However, the taxpayer challenges the court's failure to include in the award of attorney's fees the litigation expenses it incurred in pursuing its appeal to the District Court.

It has long been established as a general rule of statutory construction that statutes and their amendments are applied prospectively. *Emmett v. Town of Coventry*, 478 A.2d 571, 572 (R.I.1984); *Murphy v. Murphy*, 471 A.2d 619, 623 (R.I.1984). An exception to this rule occurs if it appears by strong language or necessary implication that the Legislature intended that the statute be given retrospective application. *Spagnoulo v. Bisceglio*, 473 A.2d 285, 287 (R.I.1984). An examination of the Equal Access to Justice Act shows neither direct expression of retroactivity nor the presence of any language that mandates the drawing of such an inference. However, a statute lacking the requisite specificity or the necessary implication may still be applied retroactively if it qualifies as a remedial or procedural statute. *Wayland Health Center v. Lowe*, 475 A.2d 1037, 1041 (R.I.1984); *Fox v. Fox*, 115 R.I. 593, 597, 350 A.2d 602, 603 (1976).

■ Relying upon this principle of statutory construction, the District Court ruled that the Equal Access to Justice Act could be applied retroactively because it is a "remedial statute affecting procedural rights only." We disagree. The Equal Access to Justice Act is not a remedial statute but rather a substantive statute, and as such it must be applied prospectively in the absence of clear legislative intent to the contrary.

Black's Law Dictionary defines a substantive law as

> "[t]hat part of law which creates, defines, and regulates rights, as opposed to 'adjective or remedial law,' which prescribes method of enforcing the rights or obtaining redress for their invasion. That which creates duties, rights and obligations, while 'procedural or remedial law' prescribes methods of enforcement of rights or obtaining redress." *Black's Law Dictionary* 1281 (5th ed.1979). *See also Lawrence v. Anheuser–Busch, Inc.*, 523 A.2d 864, 869 (R.I.1987); *Romano v. B.B. Greenberg Co.*, 108 R.I. 132, 136, 273 A.2d 315, 317 (1971).

The Equal Access to Justice Act falls squarely within the terms of this definition because it "creates, defines, and regulates" a right that was not in existence prior to the statute's enactment, the right of a prevailing party to recover attorney's fees and costs incurred in contesting a matter before a Rhode Island administrative agency.

■ The right to recover attorney's fees did not exist at common law. "The general rule is that one may not recover such fees in the absence of statutory or contractual liability therefor." *Washington Trust Co.*

367

*v. Fatone,* 106 R.I. 168, 172, 256 A.2d 490, 493 (1969). Prior to the enactment of the Equal Access to Justice Act, a party who successfully contested an unjust agency action had no statutory right to collect litigation expenses. The Equal Access to Justice Act created this right; therefore, the act is clearly substantive in nature. Accordingly, because the Legislature did not manifest an intent that the act be given retroactive application, it must be applied prospectively. *State v. Healy,* 122 R.I. 602, 606, 410 A.2d 432, 434 (1980).

Consequently the District Court's decision that the act was applicable to this controversy was in error. Furthermore, since the Equal Access to Justice Act is not applicable to this controversy, we need not address the taxpayer's claim for additional attorney's fees.

For the foregoing reasons the tax administrator's petition for certiorari is granted, the judgment of the District Court is hereby vacated, the taxpayer's petition for certiorari is denied, the writ previously issued is quashed, and the papers in this case are remanded to the Sixth Division District Court with our decision endorsed thereon.