DECISION
The matter before the Court is a motion brought by the plaintiff, Gregory Solas (hereinafter "plaintiff"), for attorney's fees in the amount of $19,326.00. These fees were incurred in an action for summary judgment previously heard by this Court. The Court determined that the defendants, the Emergency Hiring Council, et al. (hereinafter "defendants"), violated the provisions of the Rhode Island Open Meetings Law, G.L. § 42-46-1 et seq. The facts, insofar as pertinent, follow.
 Travel/Facts
On June 17, 1997, the defendants conducted a closed meeting to consider filling a vacant hearing officer position with the Building Commissioner. Among one of the functions of this appointment is to respond to complaints brought against the Building Commissioner's Office. The plaintiff was particularly interested in discussions pertaining to this employment because of his proclivity for filing complaints against the Building Commissioner's Office in order to publicize laws which he felt were not being properly addressed and enforced. Solas v.Emergency Hiring Council of State, C.A. 97-4503, January 5, 1999, Rodgers, P.J.
On September 15, 1997, the plaintiff filed an action against the defendants for a violation of the provisions of the Rhode Island Open Meetings Act. On June 5, 1998, both parties moved for summary judgment. On July 20, 1998, an amended version of the Open Meetings Act was enacted wherein, among other modifications, the following provision was promulgated:
G.L. § 42-46-8. Remedies available to aggrieved persons or entities
 (d). "The court shall award reasonable attorney fees and costs to a prevailing plaintiff, other than the attorney general, except where special circumstances would render such an award unjust."
On January 29, 1999, approximately six months after G.L. § 42-46-1 et seq. was amended, this Court entered summary judgment in favor of the plaintiff. The plaintiff then moved simultaneously for attorneys' fees. The defendants filed a notice of appeal to the Rhode Island Supreme Court on February 15, 1999.
 Analysis/Law
The crux of the instant dispute focuses on whether the provision awarding attorneys' fees is applicable to the instant matter, since its enactment was subsequent to the initial filing of the complaint but occurred before summary judgment was entered for the plaintiff. In order to resolve this question, the Court must first determine and effectuate the Legislature's intent and attribute to the enactment the meaning most consistent with its policies or obvious purposes. State v. Flores, 714 A.2d 581 (R.I. 98).
 Legislative Intent of the Open Meetings Law
The amended Open Meetings Law broadened the public's access to meetings convened by a public entity. See G.L. § 42-46-1et seq. In addition to the provision including an award of attorneys fees, the Legislature also initiated further measures to broaden the public's access to meetings by public bodies, including shifting the burden of proof to the public bodies to prove that the meeting was properly closed; requiring advance written notification of meetings relative to one's job peformance, character or health; requiring advance written notification of local school committee hearings; initiating additional guidelines and procedures to keep the public informed of emergency meetings by public bodies; and increasing the length of time to file complaints. Clearly, the Legislature not only intended to ease a petitioner's burden in proving an open meetings violation, but also to implement stricter notification requirements by public bodies to interested members of the public.
In fact, this Court had previously determined that the legislative intent of this law was "to protect the public from `closed door' politics" and that "the law must be broadly construed to affect its remedial and protective purpose." Solasv. Emergency Hiring Council of State, C.A. 97-4503, January 5, 1999, Rodgers, P.J. (citing Wood v. Marston, 442 So.2d 938.). Thus, the law, having been enacted for the public's benefit, should be interpreted in the light most favorable to the public.Canney v. Board of Public Instruction of Alachua County,278 So.2d 260, 263 (1973).
 The Defendants' Argument for Substantive Statutory Interpretation
The principal objection of the defendants against the imposition of attorneys fees pertains to statutory construction. The defendants maintain that the provision awarding attorneys fees represents a substantive change in the law and, therefore, must be applied prospectively absent a clear intent to the contrary. Newport Yacht Management, Inc. v. Clark, 567 A.2d 364, 366 (RI 1989).
The defendants primarily rely on Newport Yacht Management,Inc. v. Clark, 567 A.2d 364 (RI 1989). In Newport Yacht, the Rhode Island Supreme Court determined that the right to recover attorneys fees under the Equal Access to Justice Act was a substantive statute which had to bed applied prospectively absent clear legislative intent to the contrary. The Court further explained that a substantive law is "[t]hat which creates duties, rights and obligations, while `procedural or remedial law' prescribes methods of enforcement of rights or obtaining redress." Id. (citing Black's Law Dictionary 1281 5th ed. 1979). The Court determined that this Act was substantive in nature because it "creates, defines and regulates" a right that was not in existence prior to the statute's enactment, the right of a prevailing party to recover attorney's fees and costs incurred in contesting a matter before a Rhode Island administrative agency.Id.
The defendants further assert that "generally, it is presumed that statutes and their amendments are "to operate prospectively unless it appears by clear, strong language, or by necessary implication that the Legislature intended to give the statute retroactive affect." Pion v. Bess Eaton Donut Flour Co., 637 371 (RI 1994). The defendants further argue that applying this provision retroactively would improperly impose liability on conduct that occurred prior to the provisions enactment.
 Remedial Effect
Although the defendants assert that a statute is presumed to operate prospectively, the Rhode Island Supreme Court previously established that "a prospective-only approach to the operation of a judicial decision is the exception rather than the rule."Landmark Medical Center v. Gauthier, 635 A.2d 1145, 1154 (R.I. 1994) (quoting State v. Porter, 437 A.2d 1368, 1371 (R.I. 1981). Further, legislation that affects remedial issues may be given retroactive effect. Id. At 1154.
The newly enacted attorney fee provision at the heart of this matter provides the petitioner a method of "obtaining redress" and appears under the heading for remedies available to persons aggrieved by the Open Meetings Act (See G.L. § 42-46-8(d)). Clearly, the provision is intended to defray the expense of litigation, thereby effectuating the legislative intent to create a more practicable law and to discourage "closed door politics" while encouraging greater public access. "Where an amendment is remedial in nature, all rights of action thereunder will be enforceable under the new procedure without regard to whether they accrued before or after such change of law or whether the suit had been instituted or not." Sostak v. Sostak,447 N.E.2d 1345, 1349 (Ill. App.2 Dist. 1983) (where reasonable attorney's fees were held to be remedial and did not change any vested rights of the parties).
Notwithstanding the prospective and retroactive statutory applications asserted by both parties, the United States Supreme Court has established that "[a] statute does not operate `retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment." Landgraf v. USIFilm Products, 114 S.Ct. 1483, 1499, 511 U.S. 270, 269, 128 L.Ed.2d 229 (1994). In fact, the plaintiff argues that he was not entitled to attorneys fees until the Court deemed him a "prevailing party" at the January 29, 1999, entry of judgment. The Court agrees.
The Landgraf Court recognized that "in many situations, a court should `apply the law in effect at the time it renders its decision' . . . even though that law was enacted after the events that gave rise to the suit." Id. At 1501 (citing Bradley v.School Bd of Richmond, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974)). Under the instant circumstances, this Court will also apply the law in effect when summary judgment was entered rather than when the complaint was filed. See Dunbar v. Tammelleo,673 A.2d 1063, 1067 (R.I. 1996) ("If an appellate court should apply the law in effect at the time of considering an appeal, a fortiori . . . a trial court should apply the law in effect at the time it makes its decision, if such application would implement the legislative intent"). See also Zawatsky v. Cohen,463 A.2d 210, 213 (R.I. 1983). ("The interest on a judgment is determined in accordance with the statute in effect at the time of its rendition rather than at the time the action accrued).
 Award of Reasonable Fees
Having established that the plaintiff is eligible to recover attorneys fees under the newly enacted provision of the Open Meetings Law, this Court will address the plaintiff's entitlement to same.
The Court shall award reasonable attorney fees and costs to a prevailing party. G.L. § 42-46-8(d). A party has prevailed for attorney fee purposes when he has succeeded on any significant issue in litigation which achieved some of the benefit sought in bringing the complaint. See John Doe No. 1 v.Rhode Island Ethics Commission, 707 A.2d 265, 267 (R.I. 1998). The subject plaintiff may be deemed a "prevailing party" because he has successfully litigated his initial suit claiming that the defendants violated provisions of the Open Meetings Law.
When the Court is requested to award attorney fees, Rule 1.5 of the Rhode Island Rules of Professional Conduct must be considered. The factors to be considered in determining the reasonableness of a fee include:
 1. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
 2. The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
 3. The fee customarily charged in the locality for similar legal services;
 4. The amount involved and the results obtained;
 5. The time limitations imposed by the client or by the circumstances;
 6. The nature and length of the professional relationship with the client;
 7. The experience, reputation and ability of the lawyer or lawyers performing the services; and
 8. Whether the fee is fixed or contingent.
 Rule 1.5 (a) Supreme Court Rules of Professional Conduct.
Further, the burden is on the party requesting fees to provide sufficient evidence of his services, including evidence as to the hours spent and the rate charged therein. See Fischer v. Longest,637 A.2d 517, 525 (Md. App. 1994).
An affidavit proffered in support of an attorney fee award must have documentation that is "sufficient to satisfy the court, or indeed a client, that the hours expended were actual, non-duplicative and reasonable . . . and to apprise the court of the nature of the activity and the claim on which the hours were spent."
In considering the reasonableness of the amount requested ($19,326.), I have no doubt that counsel expended the hours indicated in his Affidavit (113 hours); however, to charge the people of the State of Rhode Island $200.00 per hour for services of counsel in a matter that was immediately addressed by the defendant, Dr. Carl, when he ordered all future meetings of the Emergency Hiring Council to be subject to the Open Meetings Law, appears to be excessive.
Further, I am compelled to note that an attorney appointed by the Superior Court to represent an indigent defendant in a capital case, such as murder, is entitled to $50.00 per hour with a maximum of $5,000.00.
After reviewing those factors identified in Rule 1.5 of the Rhode Island Rules of Professional Conduct, I believe an award of 50 percent of the amount requested to be reasonable and appropriate. Accordingly, the Court finds counsel for the plaintiff is entitled to $9,663.00 from the State of Rhode Island.
Counsel for the plaintiff shall prepare and submit a Judgment consistent with this Decision. Upon entry of same, the case will be remanded to the Supreme Court per its earlier direction.