PEARL KORDOSKI *vs.* JOSEPH F. BELANGER.

MAY 11, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This case was tried by a justice of the Superior Court and decision was rendered for the defendant. The case is before this court on plaintiff's exception to this decision.

Plaintiff is a resident of Edmonton, province of Alberta, Canada, and defendant is a resident of the city of Woonsocket and formerly resided in Montreal, province of Quebec.

The action is debt on judgment and is brought to enforce the payment of money due under an affiliation order entered June 17, 1926, in the district court for the district of Edmonton. The order was entered after hearing a complaint made under the provisions of Chapter 50 of the Statutes of Alberta 1923 known as "The Children of Unmarried Parents Act."

Defendant was adjudged to be the father of a child born to the plaintiff on January 22, 1925 and was ordered to pay the superintendent of neglected and dependent children— appointed under authority of said act—$300 for the lying-in expenses of the plaintiff and $3.85 weekly toward the education and maintenance of said child until it attained the age of 16 years or as long as it was mentally and physically incapable of earning its own living, and $50 costs. Defendant has not paid any of the money required by this order and plaintiff claims the amount due is $950.

The trial justice filed a rescript in which he found that the affiliation order was not a final judgment or decree and that the Alberta statute was one of local application and could not be enforced in this State. We find no error in this conclusion. The statute expressly provides that the judge before whom the affiliation order is entered may from time to time vary it or any subsequent affiliation order upon application and proof of substantial alteration in conditions and circumstances, provided that no application to vary any affiliation order shall be made within one year from the date of the order sought to be varied.

As it appears by this statute that the judge who made the order may vary it from time to time and thereby nullify all rights granted by a prior order, it follows that the affiliation order sued upon is not a final order and, as a general rule, such an order will not be enforced in the courts of

another country. In *Hewett* v. *Hewett,* 44 R. I. 308, we refused to enforce a decree for alimony entered by a court in a sister state because we found that such court could in its discretion modify or annul the decree. A similar decision was made in Canada where the court refused to permit a plaintiff to recover the arrears of alimony due on a decree entered in a court in Minnesota because the decree for alimony was not an absolute judgment and could not be made so in the province of Ontario. *Maguire* v. *Maguire,* 64 D. L. R. 180.

It is generally held that courts of one country will not enforce judgments of foreign tribunals which are founded upon merely local laws; such laws being of a character which does not require their recognition beyond the borders of the sovereignty in which they are in force. 34 C. J. 1168. In *DeBrimont* v. *Penniman,* 10 Blatch. 436, the action was debt on a decree entered in a court in France. The decree made an allowance for the support of a child and was subject to modification according to circumstances. The court was of the opinion that the decree was local and provisional and declined to enforce it. This case was cited with approval in *re Macartney,* 1 Ch. (1921) Eng. 522, where the court refused to enforce a judgment, based on similar facts, entered by a Maltese court against a resident of England.

At common law a putative father is under no obligation to support his illegitimate offspring. 7 C. J. 955. Statutes changing this rule have been enacted in most states. These statutes can be enforced only in the manner specified therein. They are local in their application and, of course, have no extra-territorial effect.

Plaintiff's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*John J. Mee,* for plaintiff.

*James H. Rickard,* for defendant.