JANE ROE, et al., Petitioners-Appellees *v.* JOHN DOE, Defendant-Appellant

NO. 6425

MARY ROE, et al., Petitioners-Appellants *v.* JAMES DOE, Defendant-Appellee

NO. 6859

JUNE 9, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY OGATA, J.

These two appeals, No. 6425 and No. 6859, from the Family Court, raise questions concerning the statute of limitations provision of Hawaii's Uniform Parentage Act, HRS Chapter 584.[1] The primary issue is whether a cause of action which was once barred by the expiration of the statute of limitations can be revived by a subsequent legislative enactment extending the original period of limitations.

In independent actions, two mothers petitioned the Family Court for a determination of the paternity of their minor children. The petitioners also sought payment of support for the children, as well as other expenses. Each defendant moved to dismiss on the ground that the statute of limitations constituted a bar to the action. In the first case, No. 6425, the

---

[1] Unless otherwise parenthetically noted, all statutory provisions cited herein are contained in the 1976 Replacement volumes of the Hawaii Revised Statutes (HRS).

Family Court (Judge Kokubun) ruled that the action was not barred by the statute of limitations, and it denied the defendant's motion to dismiss. In the second case, No. 6859, the Family Court (Judge Miho) found that the action was barred by the statute of limitations and it dismissed the petition. These cases were consolidated on appeal for disposition and opinion in view of the fact that they involve common questions of law.

We affirm No. 6425 and reverse No. 6859.

In No. 6425, a mother filed against the same defendant two separate petitions under HRS Chapter 584 for a determination of the paternity of her two minor children. Both petitions were filed on February 27, 1976. One of the minor children had been born on July 31, 1970, and the other minor child had been born on September 16, 1971. The defendant who was named as the alleged father of the two children had been absent from the state from September, 1970, to October, 1973.[2] Therefore, taking into account the period during which the alleged father had been absent from the state, the petition regarding the child born in 1970 was barred as of September, 1975, by the statute of limitations provision of now repealed HRS § 579-10 (1955).[3] The petition regarding the child born in 1971 was likewise barred under the statute of limitations provision of now repealed HRS § 579-10 (1955), for, taking into account the defendant's period of absence from the state subsequent to the child's birth, the limitations period for that child expired in late October, 1975. On July 28, 1976, the Family Court issued its decision and order denying

---

[2] The amended petition, filed on October 4, 1976, reflected the allegation that the child born in September, 1971, had been conceived when the defendant returned temporarily to Hawaii between mid-December, 1970, and early January, 1971.

[3] HRS § 579-10 (1955) provided as follows:

*Prosecution within two years; county attorney, or corporation counsel to prosecute.* No petition under this chapter shall be filed more than two years after the birth of the child; provided that any period of time during which the person alleged to be the father of the child is absent from the State or is openly cohabiting with the mother of the child or is contributing to the support of the child, shall not be computed. . . .

the defendant's motion for dismissal.[4]

No. 6859 similarly involves a petition filed under HRS Chapter 584 by a mother seeking a determination of the paternity of her minor child. The petition was originally filed on March 3, 1977, and an amended petition was filed on March 22, 1977, to include the minor child as a named petitioner. The minor child had been born on November 30, 1973. The action was thus barred as of November 30, 1975, by the two-year period of limitations of now repealed HRS § 579-10 (1955).[5] On November 2, 1977, the Family Court issued its order granting the defendant's motion to dismiss.

I.

The Uniform Parentage Act, HRS Chapter 584, was enacted in 1975 and became effective on January 1, 1976. Act 66, S.L.H. 1975. The purpose of the Act is "to provide substantive legal equality for all children regardless of the marital status of their parents." *Hawaii House Journal* 1975, 8th Leg. 2d Gen. Sess., S.C.Rep. 136 at 980. HRS Chapter 584, which now governs all paternity proceedings in this State, was preceded by HRS Chapter 579 (enacted in 1955), which was repealed when HRS Chapter 584 became effective. Act 66, S.L.H. 1975, §§ 4 and 7.

Under now repealed HRS Chapter 579 (1955), a two-year statute of limitations was imposed upon all petitions for determination of paternity. Thus, under that statute, no paternity proceeding could be commenced more than two years after the birth of the child. HRS § 579-10 (1955). However, HRS § 579-10 (1955) also provided that the running of the limitations period would be tolled for any period of time during which the person alleged to be the father of the child was absent from the state or was openly "cohabiting" with

---

[4] Subsequently, on October 4, 1976, the petitions were amended to include each minor child as a named petitioner.

[5] There is no evidence in the record that the statute of limitations was tolled for any period of time in No. 6859.

the mother of the child or was contributing to the support of the child.

Under current HRS Chapter 584, however, the period of limitations is extended to three years. A proceeding for a determination of paternity must thus be brought within three years of the birth of the child *or* within three years after the effective date of Chapter 584, *whichever is later*. HRS § 584-7.[6] However, as was provided under repealed HRS § 579-10 (1955), the running of the period of limitations is tolled whenever the putative father is absent from the state or is openly "cohabitating" with the mother of the child or is contributing to the support of the child. HRS § 584-6(a) (2).

The defendants below (hereinafter defendants) argue that once a cause of action is barred by a statute of limitations, the legislature cannot retrospectively revive that cause of action by means of a new statute which extends the original period of limitations. Defendants argue that retrospective application of the longer limitations period of HRS Chapter 584 would violate their rights to due process under the Federal and State Constitutions.

The petitioners below, on the other hand, argue that the legislature intended to in fact confer retrospectivity upon HRS § 584-7 and that no constitutional problems arise from such a reading of the statute. Therefore, they maintain that their actions were filed in a timely manner.

We first note the instructive comments which appear in *Oleson v. Borthwick*, 33 Haw. 766, 774 (1936):

> There is no difference in principle between a retrospective law and a retroactive law, either of which is one which takes away or impairs vested rights acquired under a different law or creates a new obligation, imposes a new duty or attaches a new disability in respect to transactions

---

[6] HRS § 584-7 reads as follows:

*Statute of limitations.* Except as otherwise provided in section 584-6(a) with respect to a child relinquished for adoption an action to determine the existence of the father and child relationship as to a child who has no presumed father under section 584-4 shall not be brought later than three years after the birth of the child, or later than three years after the effective date of this chapter, whichever is later. . . .

or considerations already past. . . . While, therefore, it cannot be questioned that the legislature has the power to enact a retrospective law unless it contravenes some constitutional inhibition, it is also a recognized rule that retrospective laws are not favored and all laws will be construed as prospective unless the language employed imperatively requires a contrary construction.

Also, HRS § 1-3 provides:

*Laws not retrospective*. No law has any retrospective operation, unless otherwise expressed or obviously intended.

Upon consideration of both the language of HRS § 584-7 and the overall purpose behind HRS Chapter 584, we reach the conclusion that the legislature "obviously intended" that the three-year statute of limitations provision of HRS § 584-7 is to operate retrospectively.

HRS § 584-7 provides for two alternative three-year periods of limitation, and, as provided in that statute, the applicable period of limitations is whichever of the two three-year periods expires *later*. Thus, with respect to any child born after January 1, 1976 (the effective date of HRS Chapter 584), the applicable three-year period would necessarily be measured from the date of the child's birth. Correspondingly, however, for any child born *before* January 1, 1976, the applicable three-year period would necessarily be measured from the effective date of HRS Chapter 584. A child born prior to that date would, therefore, have likely been afforded more than three years within which to bring a paternity action, for regardless of how long before January 1, 1976, the child was born, that child would still be given an additional three years from January 1, 1976, in which to bring the action.

In the instant cases, the children were all born prior to January 1, 1976. Defendants maintain that the provisions of HRS § 584-7 should not be applied retroactively to these children. However, we conclude, based upon the clear provision in HRS § 584-7 that the applicable limitations period is whichever of the two three-year periods occurs *later*, that the legislature plainly intended that the new statute of limitations

is to apply regardless of whether the child was born before or after the effective date of HRS Chapter 584.

If the legislature had intended that HRS § 584-7 was to apply only in the case of children born on or after January 1, 1976, it seems meaningless for it to have specified that whichever of the three-year periods that occurs later would be the applicable period of limitation. Clearly, for any child born after January 1, 1976, the three-year period beginning with the child's birth would always be the later to expire. Moreover, if the legislature had intended that HRS Chapter 584 was to apply only to children born on or after January 1, 1976, it could have easily so specified when enacting the Chapter.

Furthermore, we are especially persuaded by the public purpose underlying all paternity proceedings. The purpose of paternity actions "is not to impose a penalty, but to convert a father's moral obligation to support his illegitimate children into a legal obligation." *Cessna v. Montgomery*, 63 Ill.2d 71, 90, 344 N.E.2d 447, 456 (1976). Paternity proceedings serve the valid purpose of "reliev[ing] the public of the burden of supporting an illegitimate child and to provide the mother with assistance in carrying out her obligation of support." *Kuser v. Orkis*, 169 Conn. 66, 71, 362 A.2d 943, 945-46 (1975). Therefore, we believe that in order to foster these just and humane objectives, the legislature intended that for purposes of determining the applicable period of limitations, it should be immaterial whether the child was born before or after the effective date of the new paternity statute. *Cf. Rooney v. Teske*, 61 So.2d 376 (Fla. 1952).

In addition, HRS Chapter 584 is remedial in nature, and remedial legislation is to be construed liberally in order to accomplish the purpose for which it was enacted. *Russell v. State Accident Insurance Fund*, 29 Or.App. 295, 563 P.2d 738 (1977). In so placing a liberal construction upon HRS § 584-7, we are unable to find that it was utterly unreasonable for the legislature to have intended that persons born prior to January 1, 1976, would be afforded a new opportunity under an improved paternity statute to bring within three years a proceeding for a determination of paternity.

II

Defendants have directed our attention, however, to the often-stated rule that where a statute creates a liability and also prescribes a period of limitation for the existence of that liability, the expiration of the period of limitation extinguishes the liability itself. *William Danzer & Co. v. Gulf & S.I.R.R.*, 268 U.S. 633 (1925); *Kalmich v. Bruno*, 553 F.2d 549 (7th Cir.), *cert. denied*, 434 U.S. 940 (1977); *Martin v. United States*, 436 F.Supp. 535 (S.D.Cal. 1977); *In re Alodex Corp. Securities Litigation*, 392 F.Supp. 672 (S.D.Ia. 1975), *aff'd*, 533 F.2d 372 (8th Cir. 1976); *see Fetch v. Buehner*, 200 N.W.2d 258 (N.D. 1972). Defendants thus contend that a new statute of limitations must not be construed retrospectively so as to revive the liability once it has expired, for to do so would be to deprive the defendant of his property without due process of law. *Danzer, supra; accord, Alodex, supra; see Penry v. William Barr, Inc.*, 415 F.Supp. 126 (E.D.Tex. 1976).

It is true that there is no common law right to a determination of paternity or to compel the putative father to support the child. *Robertson v. Apuzzo*, 170 Conn. 367, 374, 365 A.2d 824, 828, *cert. denied*, 429 U.S. 852 (1976); *Jensen v. Voshell*, 193 N.W.2d 86, 89 (Ia. 1971); *Thut v. Grant*, 281 A.2d 1, 3 (Me. 1971); *Blanton v. Warn*, 444 P.2d 325, 327 (Wyo. 1968). Hence, the liability created by former HRS Chapter 579 (1955) and current HRS Chapter 584 is entirely statutory in nature. *See Ehorn v. Podraza*, 51 Ill.App.3d 816, 817, 367 N.E.2d 300, 302 (1977). We are unable, however, to accept the proposition that statutory causes of action which become barred through the expiration of a statute of limitations can never be revived by a subsequent legislative extension of that period of limitations.

In *Chase Securities Corp. v. Donaldson*, 325 U.S. 304; *reh. denied*, 325 U.S. 896 (1945), the Supreme Court reaffirmed its earlier position, taken in *Campbell v. Holt*, 115 U.S. 620 (1885), that "where lapse of time has not invested a party with title to real or personal property, a state legislature, consistently with the Fourteenth Amendment, may repeal or extend a statute of limitations, even after right of action is barred

thereby, restore to the plaintiff his remedy, and divest the defendant of the statutory bar." *Chase Securities, supra,* at 311-12. The Court in *Chase Securities* thus upheld a statute of limitations which was added to Minnesota's Blue Sky Law, the effect of which was to remove any defense to the action based upon Minnesota's general period of limitations.

Although *Chase Securities* involved a common law tort and fraud action brought as a result of asserted violations of the Blue Sky Law, it set the stage for subsequent determinations that retrospective application of a statute of limitations is not constitutionally impermissible per se where the cause of action is purely statutory in nature.

In a more recent case, *Electrical, Radio & Machine Workers Local 790 v. Robbins & Myers, Inc.,* 429 U.S. 229 (1976), the Supreme Court held that a newly enacted 180-day limitation period for discrimination actions brought under Title VII would be retroactively applied to keep alive a cause of action which was filed between the time that the former 90-day limitations period had expired and the date that the new statute of limitations provision took effect. The Court summarily rejected the notion "that Congress was without constitutional power to revive, by enactment, an action which, when filed, is already barred by the running of a limitations period." *Id.* at 243. Such a contention, the Court noted, "rests on an unwarrantedly broad reading" of *William Danzer & Co. v. Gulf & S.I.R.R., supra. Id. Danzer* held that the revival of a previously barred statutorily created cause of action through retroactive application of a new statute of limitations is violative of due process. Citing the "narrow reading" which *Danzer* was given in *Chase Securities,* the Court in *Robbins & Myers* held that Congress could constitutionally provide for retroactive application of an extended period of limitations. The following passage from *Chase Securities,* 325 U.S. at 315-16, was deemed to echo the applicable constitutional test:

> The Fourteenth Amendment does not make an act of state legislation void merely because it has some retrospective operation. What it does forbid is taking of life,

liberty or property without due process of law. . . . Assuming that statutes of limitation, like other types of legislation, could be so manipulated that their retroactive effects would offend the Constitution, certainly it cannot be said that lifting the bar of a statute of limitation so as to restore a remedy lost through mere lapse of time is *per se* an offense against the Fourteenth Amendment. . . .

*Robbins & Myers,* 429 U.S. at 243-44. Emphasis was thus placed on scrutinization of the *actual* deprivation of constitutional interests suffered by a person asserting the bar of the limitations period in order to determine whether or not retroactive application of the statute of limitations may be allowed.

Furthermore, although courts often repeat the rule that "subsequent extensions of a statutory limitation period will not revive a claim previously barred", the question remains one of legislative intent. *Davis v. Valley Distributing Co.,* 522 F.2d 827, 830 (9th Cir. 1975), *cert. denied,* 429 U.S. 1090 (1977). The *Davis* case involved the same Title VII statute of limitations provisions as those at issue in *Robbins & Myers, supra.* Retrospective extension of the 180-day limitations period to an action that had expired because the former 90-day limitations period had run was approved in *Davis* primarily on the basis of the court's view of Congressional intent. Congress had specifically provided that the new 180-day period was to apply to all charges pending on the date of enactment of the new statute, as well as to all actions filed thereafter. This provision was held to manifest an intent on the part of Congress that the new limitations period was to be applied retroactively to all actions filed prior to the effective date of the new statute, including actions filed but technically barred by the former 90-day period of limitations.

We have found that by enacting HRS § 584-7 in its present form, the legislature indeed intended to retrospectively extend the period of limitations for all paternity actions. Such legislative action is not greeted by constitutional infirmity. As made clear in *Chase Securities, supra,* where lapse of time has not invested a party with title to real or personal property, it does not violate due process to extend the period of limita-

tions even after the right of action has been theretofore barred by the former statute of limitations.

We are unable to accept defendants' proposition that the expiration of a statute of limitations confers upon a defendant any vested right or property interest which remains undisturbed by subsequent legislative enactments. The right to defeat an action by the statute of limitations has never been regarded as a fundamental or vested right. *Chase Securities, supra,* at 314; *Campbell v. Holt, supra,* at 628; *see Cooper Stevedoring of Louisiana, Inc. v. Washington,* 556 F.2d 268, 272 (5th Cir.), *reh. denied,* 560 F.2d 1023 (5th Cir. 1977) (en banc). Moreover, there is no reason to believe that the legislature intended to confer, through the statute of limitations provision of repealed HRS Chapter 579 (1955), "any vested right or proprietary interest in immunity from liability" with regard to proceedings to determine paternity. *Davis, supra,* 522 F.2d at 830 n. 7.

Therefore, we reject defendants' assertion that statutorily created causes of action which become barred by the running of the statute of limitations period cannot be revived by subsequent legislative extension of that limitations period.

### III

Defendants finally argue that HRS § 584-7, if applied retrospectively, would be violative of due process because it fails to place a maximum limitations period upon actions brought by or on behalf of a child who was born prior to January 1, 1976. To elaborate, defendants assert that because HRS § 584-7 in effect provides that a paternity action regarding a child born prior to January 1, 1976, will be timely so long as it is now filed any time before January 1, 1979, retrospective application of such a provision will revive claims that may be several decades old. Such a result, it is contended, would be unreasonable and oppressive, for defendants could find their lives disrupted by stale paternity claims for which there would be no assurance of defensibility after the passage of such a long period of time.

Defendants refer to Uniform Parentage Act (U.L.A.) § 7 (1977 Supp.), which provides in pertinent part as follows:

An action to determine the existence of the father and child relationship as to a child who has no presumed father . . . may not be brought later than [three] years after the birth of the child, or later than [three] years after the effective date of this Act, whichever is later. *However, an action brought by or on behalf of a child whose paternity has not been determined is not barred until [three] years after the child reaches the age of majority.*

(Emphasis added). Defendants point out that although HRS § 584-7 was modeled upon the above provision, the legislature omitted the portion emphasized above. The legislative history of HRS Chapter 584 fails to reveal the legislature's reasons for not including the above-mentioned sentence in HRS § 584-7. The omitted portion would, in effect, have provided for a maximum twenty-one year period of limitations for any action brought by or on behalf of a *child*. Uniform Parentage Act (U.L.A.) § 7 Comment (1977 Supp.).[7] Current HRS § 584-7 only mentions the two periods of three-year duration in defining the maximum period of limitation.

In our opinion, the legislative revival of claims that are even decades old is not, of itself, unconstitutional per se. Rather, bearing in mind that statutes of limitation exist "only by legislative grace and . . . [are] . . . subject to a relatively large degree of legislative control", *Chase Securities, supra,* at 314, a court must look to whether the actual retrospective effects of the statute will offend the Federal or State Constitutions. *See Robbins & Myers, supra.* Therefore, while statutes of limitation "probably could not be changed retroactively without some legislative hardship or oppression", *Chase Securities, supra,* at 315, we are of the view that where a defendant has not acted in reliance upon the bar of a statute of limitations, he may not translate his prior statutory immunity from suit into a constitutional right. *See id.* at 315-16.

---

[7] Actions brought by all other parties under the Act would, of course, still have been subject to the normal three-year limitations period.

By enacting HRS § 584-7 in its current form, the legislature effected a change in public policy regarding the prosecution of stale claims. However, this new policy, which greatly extends the applicable period of limitations, can be sustained only so long as the putative father's right to due process is not violated by the retrospective application of the statute. *See Chase Securities, supra.* Therefore, we prefer to adopt a case-by-case approach to the question of the constitutional permissibility of the revival of paternity claims barred by the former statute of limitations. If a putative father, named in a paternity proceeding, were able to demonstrate that he had acted in specific reliance on the bar of the statute of limitations and that special hardships or oppressive results would follow from the lifting of the bar, retrospective application of HRS § 584-7 might not be constitutionally permissible. Absent such a demonstration of direct reliance and resultant hardship, it would not be possible to say that the defendant was deprived of any constitutional right.

There is no evidence that either of the defendants in the instant cases was in any way induced or prompted by the expiration of the two-year period of limitations of HRS § 579-10 (1955) into reliance "of a kind that would make its retroactive extension so oppressive as to violate due process." *Davis, supra,* at 830 n. 7. Therefore, we find no constitutional impediment to the revival of the actions brought against them. We consequently hold that the causes of action filed herein were brought in timely fashion.

No. 6425 is affirmed and No. 6859 is reversed. Both cases are remanded for further proceedings not inconsistent with this opinion.

*Henry Hirai* for Defendant-Appellant.

*Naomi S. Campbell,* Deputy Corporation Counsel, for Petitioners-Appellees.

*Claire M. Marumoto,* Deputy Corporation Counsel, for Petitioners-Appellants.

*Paul F. Di Bianco,* for Defendant-Appellee.