JANE DOE, Petitioner-Appellee, Cross-Appellant, *v.* JOHN ROE, Defendant-Appellant, Cross-Appellee

NO. 9150

(FC-P NO. 7077)

FEBRUARY 29, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

Petitioner-Mother filed this paternity action in the Family Court of the First Circuit to establish Defendant as the natural father of her child.

The lower court permitted the child to be substituted for the

mother as petitioner and ruled that Hawaii Revised Statutes (HRS) § 584-7 (1975)[1] is unconstitutional as applied to the child.

This appeal is on the lower court's ruling.

## I.

Petitioner-Mother first filed her paternity action on December 1, 1980. On June 19, 1982, when the lower court granted leave to substitute the child as petitioner, HRS § 584-7 provided for a three-year statute of limitations as to all petitioners.[2] The child in question was born on August 30, 1971. Under said HRS § 584-7, the time for bringing a paternity action had long passed when this matter was first brought for adjudication.[3]

In 1983, while this appeal was pending, the legislature amended § 584-7 by Act 288, § 2, 1983 Haw. Sess. Laws (hereafter Act 288). As amended, the law gives the child or the child's personal representative up to three years after the child reaches the age of majority in which to file a paternity action.[4] This amendment became effec-

---

[1] HRS § 584-7 (1975) read as follows:

Except as otherwise provided in section 584-6(a) with respect to a child relinquished for adoption an action to determine the existence of the father and child relationship as to a child who has no presumed father under section 584-4 shall not be brought later than three years after the birth of the child, or later than three years after the effective date of this chapter, whichever is later. Sections 584-6 and 584-7 shall not extend the time within which a right of inheritance or a right to a succession may be asserted beyond the time provided by law relating to distribution and closing of decedents' estates or to the determination of heirship, or otherwise.

[2] *See* note 1, *supra*.

[3] None of the exceptions or tolling provisions set forth in HRS § 584-6(a) were applicable.

[4] HRS § 584-7 (1983) *Statute of limitations.* Except as otherwise provided in section 584-6(a) with respect to a child relinquished for adoption, an action to determine the existence of the father and child relationship as to a child who has no presumed father under section 584-4 shall not be brought later than three years after the birth of the child *provided that an action brought by a child whose paternity has not been determined or an action brought by a personal representative of such a child shall not be barred until three years after the child reaches the age of majority;* and provided further that if the child is the subject of an adoption proceeding, then the time limitations set out in section 584-6(a)(1) shall apply. Sections 584-6 and 584-7 shall not extend the time within which a right of inheritance or a right to a succession may be asserted beyond the time provided by law relating to distribution and closing of decedents' estates or to the determination of heirship, or otherwise. (Emphasis added.)

tive on June 14, 1983. Thus, the question before this court is whether HRS § 584-7 as amended is applicable to this case. We conclude in the affirmative. We further hold that the child in this case is not precluded from bringing a paternity action against the Defendant; thereby rendering the issue raised by the Defendant moot.

Defendant argues that HRS § 584-7, as amended, should apply only to a child who had not attained the age of three at the time when Act 288 became effective and not to the child in question here, who was already twelve years of age. We disagree. Defendant's argument overlooks the obvious intent of the legislature to extend the limitation period to all children who had not attained 21 years of age at the time of the enactment of Act 288.

Hawaii Revised Statutes Chapter 584 is remedial in nature and must be construed liberally in order to accomplish the purpose for which it was enacted. *Roe v. Doe,* 59 Haw. 259, 581 P.2d 310 (1978). That purpose is to provide substantive legal equality for all children regardless of the marital status of their parents. Hse. Stand. Comm. Rep. No. 190, in 1975 House Journal, at 1019. Obviously, permitting an illegitimate child the opportunity to establish the support obligation of his or her natural father throughout the child's minority satisfies the purpose of the statute.

In *Roe v. Doe, supra,* this court held that statutory causes of action which become barred through the expiration of a statute of limitations can be revived by a subsequent legislative extension of that period of limitations. Whether the extended limitation period revives a previously barred claim depends on the intent of the legislature. *Id.*

The legislature, in the committee reports attached to Act 288, cited the problems of proof surrounding paternity actions as justification for a short limitations period to protect alleged fathers from stale and fraudulent claims. The legislature went on to recognize, however, that scientific advances in blood testing reduced the evidentiary problems of older claims. Hse. Stand. Comm. Rep. No. 429, Regular Session of 1983; Sen. Stand. Comm. Rep. No. 790, Regular Session of 1983. These scientifically conducted blood tests were deemed highly probative in proving paternity. Their effectiveness has already been recognized by the United States Supreme Court. *Little v. Streater,* 452 U.S. 1 (1981). It is apparent that the

legislature determined that the problems of proof which justify a short limitations period no longer existed. Further, the legislature recognized two purposes in extending the limitations period. One is the public's interest in relieving the welfare burden when the natural parent can and should be responsible for the child's support. Hse. Stand. Comm. Rep. No. 429, *supra.* Second, it would relieve the child of being wholly dependent upon its mother for establishing paternity. Sen. Stand. Comm. Rep. No. 790, *supra.*

Based on the legislative history of HRS § 584-7 and its subsequent amendment, and the reasoning of the legislature as evidenced through its standing committee reports, we conclude that the legislature intended that Act 288 provide for revival of previously barred paternity actions, even though such actions could not have been brought prior to the enactment of Act 288.

## II.

*Roe v. Doe, supra,* instructs us that a change in legislative policy extending the limitations period "can be sustained only so long as the putative father's right to due process is not [thereby] violated." *Roe v. Doe,* 59 Haw. at 271, 581 P.2d. at 318. Although we conclude that the legislature intended that previously barred claims under HRS § 584-7 (1975) can be revived by Act 288, its application in this particular case is permissible only if it does not offend the state or federal constitutional guarantees of due process.

In *Roe v. Doe, supra,* we adopted

a case-by-case approach to the question of the constitutional permissibility of the revival of paternity claims barred by the former statute of limitations. If a putative father, named in a paternity proceeding, were able to demonstrate that he had acted in specific reliance on the bar of the statute of limitations and that special hardships or oppressive results would follow from the lifting of the bar, retrospective application of HRS § 584-7 might not be constitutionally permissible. Absent such a demonstration of direct reliance and resultant hardship, it would not be possible to say that the defendant was deprived of any constitutional right.

*Id.* at 271, 581 P.2d at 318.

There is nothing in the record to indicate that Defendant was in

any way induced or prompted by the expiration of the three-year statute of limitations "into reliance of a kind that would make its retroactive extension so oppressive as to violate due process." *Id.* (quoting *Davis v. Valley Distribution Co.,* 522 F.2d 827, 830 (9th Cir. 1975)). We recognize, however, Defendant is not precluded from showing reliance on remand.

### III.

We are not faced with the question of the constitutionality of HRS § 584-7 (1975) as applied to the child inasmuch as we conclude and hold that HRS § 584-7 as amended in 1983 is applicable. Where cases can be decided on grounds other than on a constitutional basis, this court will find it unnecessary to confront a constitutional question. *State v. Lo,* 66 Haw. 653, 675 P.2d 754.

### IV.

In view of our holding, the issue raised by the Defendant in this appeal is moot. This case is remanded for further proceedings consistent with this opinion.

*Samuel P. King, Jr.* for defendant-appellant, cross-appellee.

*Rosemary McShane,* Deputy Corporation Counsel, for petitioner-appellee, cross-appellant.