Sandra SPAGNOULO

v.

Arthur BISCEGLIO.

No. 83–73–Appeal.

Supreme Court of Rhode Island.

March 21, 1984.

Stephen C. Hanley, Michael W. Favicchio, Social and Rehabilitative Services, Providence, for plaintiff.

Robert J. DeCesaris, Cranston, for defendant.

Before BEVILACQUA, C.J., and KELLEHER, WEISBERGER, MURRAY and SHEA, JJ.

## OPINION

BEVILACQUA, Chief Justice.

This case comes before us on appeal from a decree of the Family Court which dismissed the plaintiff's paternity suit on the basis that it was barred by the statute of limitations.

In early 1980 plaintiff, Sandra Spagnoulo, filed a complaint under the Uniform Law on Paternity against defendant, Arthur Bisceglio. The plaintiff alleged that defendant was the father of her daughter Coleen, born April 19, 1975. After a hearing before a master, a decree was entered in which defendant was found to be the child's father. The decree also denied defendant's defenses of laches and the statute of limitations. The defendant subsequently appealed this decree to a trial justice of the Family Court, who dismissed plaintiff's suit, finding that it was barred by the expiration of the three-year statute of limitations in effect at the time of the child's birth.[1]

On appeal, plaintiff raises two issues: (1) whether the Uniform Law on Paternity, G.L.1956 (1981 Reenactment) § 15–8–6, should be retrospectively applied and (2) whether § 15–8–6 violates the equal protection clause of the Fourteenth Amendment to the United States Constitution.

I

In 1979 the Legislature repealed the Bastardy Act and enacted the Uniform Law on Paternity, G.L.1956 (1981 Reenactment) chapter 8 of title 15. The statute of limitations for the act, § 15–8–6, provides:

"An action to determine the existence of the father and child relationship as to a child who has no presumed father under § 15–8–3 may not be brought later than four (4) years after the birth of the child, or later than four (4) years after May 4, 1979, whichever is later. However, an action brought by or on behalf of a child whose paternity has not been determined is not barred until four (4) years after the child reaches the age of majority."

---

1. In 1975, actions to determine paternity were controlled by the Bastardy Act, G.L.1956 (1969 Reenactment) chapter 8 of title 15. Section 15–8–18 provided that a suit brought under the act had to be instituted "within three (3) years after birth, or within two (2) years after the termination of payments for the support of the child by the alleged father."

The plaintiff argues that the trial justice was in error when he applied the statute of limitations of the Bastardy Act to these proceedings. She contends that the only reasonable conclusion to be reached from reading § 15–8–6 is that the Legislature intended that it be given retrospective application. The defendant argues that this case is controlled by the Bastardy Act and that to revive plaintiff's cause of action by a retrospective application of the Uniform Law on Paternity would deprive him of his rights to due process under the Federal and State Constitutions.

■ The general rule in this jurisdiction is that statutes will be given prospective application. *E.g., Fox v. Fox,* 115 R.I. 593, 596, 350 A.2d 602, 603–04 (1976); *Norton v. Paolino,* 113 R.I. 728, 734, 327 A.2d 275, 279, *reh. denied,* 114 R.I. 906, 327 A.2d 275 (1974). An exception to this rule occurs when the Legislature, by express language or necessary implication, manifests its intent that a statute be given retrospective application. *Richtmyer v. Richtmyer,* R.I., 461 A.2d 409, 411 (1983); *State v. Healy,* R.I., 410 A.2d 432, 434 (1980). Therefore, we must look to the statutory language to ascertain the Legislature's intent in enacting the Uniform Law on Paternity. *See Podborski v. William H. Haskell Manufacturing Co.,* 109 R.I. 1, 8, 279 A.2d 914, 918 (1971).

Section 15–8–6 is virtually identical to the statute of limitations found in the Uniform Parentage Act.[2] The courts of several states that have adopted the Uniform Parentage Act have held that the only reasonable interpretation of the statute of limitations is that their Legislatures intended that the act be applied retroactively. *Roe v. Doe,* 59 Hawaii 259, 264, 581 P.2d 310, 314 (1978); *In the Interest of W.M.V.,* 268 N.W.2d 781, 785 (N.D.1978); *Vigil v. Tafoya,* 600 P.2d 721, 724 (Wyo.1979). However, a contrary result was reached in *Jefferson County Department of Social Services v.*

*D.A.G.,* 199 Colo. 315, 607 P.2d 1004 (1980). The court held that under the Colorado Constitution, art. II, sec. 11, which prohibits retroactive application of law, that revival of the paternity action by the Uniform Parentage Act would be unconstitutional. *Id.* at 317–18, 607 P.2d at 1006. We are not bound by such a provision in our constitution.

■ Section 15–8–6 provides for two alternative periods of limitation, four years after the birth of the child or four years after May 4, 1979 (the date of passage), *"whichever is later."* For children born after the May 4, 1979 date of passage, the period ending four years after their birth is clearly the later date and therefore controls. If the Legislature had intended that the statute only have prospective application, it would not have included the words "or * * * four (4) years after May 4, 1979, whichever is later." The only way that four years after May 4, 1979, could be later than four years after the child's birth would be if the child was born prior to the enactment of § 15–8–6. In construing a statute, we must give effect to all parts of the statute. *Rhode Island Chamber of Commerce v. Hackett,* R.I., 411 A.2d 300, 303 (1980). Thus, we must give the statute retrospective application; to do otherwise would render the "whichever is later" language meaningless.

In addition, the Uniform Parentage Act is remedial in nature. *Roe v. Doe,* 59 Hawaii at 265, 581 P.2d at 315; *Vigil v. Tafoya,* 600 P.2d at 724. We have held that remedial and procedural statutes may be applied retrospectively when it is the Legislature's intent that they be so applied. *State v. Healy,* R.I., 410 A.2d at 435; *Hardman v. Personnel Appeal Board,* 100 R.I. 145, 150, 211 A.2d 660, 663 (1965). "It is not an insuperable objection to a remedial statute that it affects pending suits, if it affects them remedially, and neither violates

---

**2.** Much of the Uniform Law on Paternity is modeled after the Uniform Act on Paternity, 9A U.L.A. (1960). Some sections of the Uniform Law on Paternity, however, are modeled after the Uniform Parentage Act, 9A U.L.A. (1973). General Laws 1956 (1981 Reenactment) § 15–8–6 is one of those sections modeled after the Uniform Parentage Act.

vested rights nor impairs the obligation of contracts." *Grinnell v. Marine Guano and Oil Co.,* 13 R.I. 135, 136 (1880).

■ The defendant claims that the Uniform Law on Paternity is substantive in nature and can only operate prospectively because it creates new obligations where none previously existed. He argues that by retroactively applying the statute, we are depriving him of due process of law. These contentions are without merit.

The United States Supreme Court has held that an enlargement of a period of limitations is not per se unconstitutional, even in situations where the cause of action was unknown at common law. *E.g., International Union of Electrical, Radio & Machine Workers, AFL–CIO, Local 790 v. Robbins & Myers, Inc.,* 429 U.S. 229, 243–44, 97 S.Ct. 441, 450–51, 50 L.Ed.2d 427, 439–40 (1976); *Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 311–12, 65 S.Ct. 1137, 1141, 89 L.Ed. 1628, 1634, *reh. denied,* 325 U.S. 896, 65 S.Ct. 1561, 89 L.Ed. 2006 (1945). "[W]here lapse of time has not invested a party with title to real or personal property, a state legislature, consistently with the Fourteenth Amendment, may repeal or extend a statute of limitations, even after the right of action is barred thereby * * *." *Id.*

The defendant relies upon the principle that when a statute both creates a new right unknown at common law and puts a period to that right's existence, an enlargement of the period of limitations would not be constitutionally permissible. *William Danzer & Co. v. Gulf & Ship Island Railroad Co.,* 268 U.S. 633, 637, 45 S.Ct. 612, 613, 69 L.Ed. 1126, 1129 (1925). The limitations period is considered to extinguish the right and not just the remedy. *Id.; see also Chase Securities Corp. v. Donaldson,* 325 U.S. at 312 n. 8, 65 S.Ct. at 1141 n. 8, 89 L.Ed. at 1634–35 n. 8; *Tillinghast v. Reed,* 70 R.I. 259, 263, 38 A.2d 782, 783 (1944); *Menna v. Mathewson,* 48 R.I. 310, 312, 137 A. 907, 908 (1927). The defendant has given "an unwarrantedly broad reading" to *Danzer. See International Union of Electrical, Radio & Machine Workers,* 429 U.S. at 243, 97 S.Ct. at 450, 50 L.Ed.2d at 439.

It is true that there was no common-law duty for a putative father to support his illegitimate children. *Kordoski v. Belanger,* 52 R.I. 268, 270, 160 A. 205, 205 (1932). However, at the time of Coleen Spagnuolo's birth, the Bastardy Act was in existence. Although it was criminal in form, it was civil in substance and effect, creating an obligation of support on defendant. *See Cummings v. Church,* 50 R.I. 71, 74, 145 A. 102, 104 (1929). The statute of limitations contained therein did not grant a defendant a "fundamental right" not to be sued after it had expired. *Chase Securities Corp. v. Donaldson,* 325 U.S. at 314, 65 S.Ct. at 1142, 89 L.Ed. at 1635–36. The statute of limitations involved here is of that general type that,

> "are intended to affect the remedy only, and not the contract or right of action. They simply provide that the courts of the State enacting such laws, shall not adjudicate upon and enforce claims or rights of action after the lapse of such periods of time as they respectively prescribe. But they do not assume to extinguish the right." *Twomey v. Carlton House of Providence, Inc.,* 113 R.I. 264, 269–70 n. 5, 320 A.2d 98, 101 n. 5 (1974) (quoting *Crocker v. Arey,* 3 R.I. 178, 179 (1855)).

Such statutes of limitation are created as matters of convenience to courts and litigants. *Chase Securities Corp. v. Donaldson,* 325 U.S. at 314, 65 S.Ct. at 1142, 89 L.Ed. at 1635.

The defendant has no vested right in not being made a party to a paternity suit. Indeed, we are persuaded by strong public policy considerations underlying paternity legislation in our analysis of the application of § 15–8–6 to this case. *See Kuser v. Orkis,* 169 Conn. 66, 71, 362 A.2d 943, 945–46 (1975) (paternity actions serve public purpose of relieving welfare rolls and assisting mother with support of child); *Cessna v. Montgomery,* 63 Ill.2d 71, 90, 344 N.E.2d 447, 456 (1976) (purpose of paternity

action not to penalize but convert obligation of support from a moral to a legal one).

The Fourteenth Amendment does not prohibit the Legislature from expanding the time in which a defendant can be made a party to a paternity suit. *In the Interest of W.M.V.,* 268 N.W.2d 781, 786 (N.D.1978). With regard to retrospective application of statutes that revive a cause of action, the test to be applied is whether the defendant has been deprived of life, liberty or property without due process of law. *International Union of Electrical, Radio & Machine Workers,* 429 U.S. at 243–44, 97 S.Ct. at 450, 50 L.Ed.2d at 439 (quoting *Chase Securities Corp. v. Donaldson,* 325 U.S. at 315–16, 65 S.Ct. at 1143, 89 L.Ed.2d at 1636). The defendant has failed to demonstrate that he had acted in reliance on the bar of the statute of limitations and that he had suffered special hardships or oppressive results. *See Roe v. Doe,* 59 Hawaii at 271, 581 P.2d at 318. Thus, we are unable to find that a retrospective application of § 15–8–6 would deprive defendant of his due process rights under the Fourteenth Amendment.

Because art. I, sec. 10, of the Rhode Island Constitution applies only to the rights of criminal defendants, we find that defendant's due process rights thereunder are not implicated under these circumstances. *Twomey v. Carlton House of Providence, Inc.,* 113 R.I. at 271, 320 A.2d at 101.

## II

The plaintiff also contends that § 15–8–6 violates the equal protection clause of the Fourteenth Amendment to the United States Constitution because it restricts the right of an illegitimate child to obtain needed support from the natural father in a manner that legitimate children are not restricted. We disagree.

Section 15–8–2 determines who may bring suit under the Uniform Law on Paternity. It provides that "[p]aternity may be determined upon the complaint of the mother, child or the public authority chargeable by law with the support of the child." Although § 15–8–6 does provide for a four-year statute of limitations, this four-year period is not applicable to an action brought by or on behalf of the child. Instead, such a suit "is not barred until *four (4) years after the child reaches the age of majority.*" Thus, the four-year statute of limitations applies to those complaints brought by the mother or by the public agency charged with the child's support. The right of legitimate children to seek support from their respective fathers is no greater than that of illegitimate children. *See Calcagno v. Calcagno,* 120 R.I. 723, 728–29, 391 A.2d 79, 82 (1978) (father's duty to support ends when child reaches the age of majority absent exceptional circumstances).

The plaintiff also argues that § 15–8–6 is inconsistent with § 15–8–4. The latter section limits recovery from the father for past education and necessary support to "a period of six (6) years next preceding the commencement of an action hereunder." This statute only applies to *past* education and support; it does not apply to future support or to an action to determine paternity. Accordingly, we find that this six-year period is not inconsistent with the provisions of § 15–8–6.

Having determined that no disparity exists between legitimate and illegitimate children relative to their right to seek support from their fathers, we conclude that there is no violation of the equal protection clause of the Fourteenth Amendment.

The plaintiff's appeal is sustained in part and denied in part. The papers in this case are remanded to the Family Court for further proceedings consistent with this opinion.