FORTE BROTHERS, INC.

v.

STATE of Rhode Island, DEPARTMENT OF TRANSPORTATION.

J.L. MARSHALL & SONS, INC.

v.

STATE of Rhode Island, DEPARTMENT OF TRANSPORTATION.

Nos. 87–23–A., 87–338–A.

Supreme Court of Rhode Island.

June 3, 1988.

Peter L. Kennedy, Providence, for J.L. Marshall & Sons, Inc.

Michael A. Kelly, Providence, for Forte Bros.

James E. O'Neil, Atty. Gen., Richard B. Woolley, Asst. Atty. Gen., for defendant.

## OPINION

WEISBERGER, Justice.

These consolidated cases come before us on appeal by the defendant from an order issued in the Superior Court compelling arbitration of contract disputes that have arisen relating to·a series of bridge and highway construction contracts that had been separately entered into between the plaintiffs and the defendant subsequent to July 1, 1967, but prior to July 2, 1986. The defendant contends that the trial justice erred in his retroactive application of an amendment to G.L. 1956 (1984 Reenactment) § 37–16–2(b). We affirm. The facts of this case may be briefly stated as follows.

Forte Brothers, Inc., had entered into several contracts to construct certain bridges and highways for the Department of Transportation, and J.L. Marshall & Sons had entered into a contract with the Department of Transportation to construct a bridge. A dispute had arisen between both plaintiffs and defendant concerning the amount due on the contracts. During the pendency of this dispute, on July 2, 1986, the General Assembly by virtue of P.L. 1986, ch. 479, amended § 37–16–2(b) to read as follows:

> "(b) Every contract for the construction, alteration, repair or painting or demolition of any public building, sewer, water treatment disposal project, *highway or bridge* one (1) party to which is the state, a city, a town, or an authority, a board, a public corporation or any similar body created by statute or ordinance or any committee, agency or subdivision of any of them which has a contract price of ten thousand dollars ($10,000) or more and which is executed on or after July 1, 1967, shall contain a provision for arbitration of disputes and claims arising out of, or concerning the performance or interpretation of, the contract as follows: * * *." (Emphasis supplied in respect to words added by amendment.)

In short the sole purpose of the 1986 amendment was to expand the arbitration statute to provide arbitration in respect to contracts for the construction, alteration, repair, or painting or demolition of any highway or bridge in addition to contracts previously covered. It is highly significant that the amended statute provided (as before) for arbitration in regard to every contract "executed on or after July 1, 1967."

■ The defendant argues vigorously that under usual canons of construction, retroactive application of a statute is to be avoided absent a clear expression of intent by the General Assembly. However, the converse is also true—that an amendment to a statute may be applied retroactively if the intention of the Legislature to do so is clearly expressed either by the language of the statute or by a necessary implication.

*Lawrence v. Anheuser-Busch, Inc.,* 523 A.2d 864, 869 (R.I. 1987); *Dulgarian v. City of Providence,* 507 A.2d 448, 453 (R.I. 1986); *Spagnoulo v. Bisceglio,* 473 A.2d 285, 287 (R.I. 1984).

■ In the case at bar, the amendment approved July 2, 1986, did no more than add another type of contract to those already included within the arbitration statute. It did not change the effective date of contracts to which arbitration would apply, namely, July 1, 1967. It thus appears clear beyond doubt that the General Assembly intended retroactive application of its arbitration requirement to any highway or bridge contract that had a price of $10,000 or more and which was executed on or after July 1, 1967. As we have frequently stated, when the words of a statute are clear, no canons of statutory construction are necessary to its interpretation. *E.g., Lawrence v. Anheuser-Busch, Inc.,* 523 A.2d 864 (R.I. 1987); *Quigley v. Town of Glocester,* 520 A.2d 975 (R.I. 1987). We believe that the statutory mandate is clear.

■ The defendant also argues that this statute is substantive in that it deprives the department of its right to a judicial trial as opposed to a determination by an arbitrator. We are of the opinion that the provision for arbitration is procedural rather than substantive. However, this conclusion would not be dispositive in regard to the case at bar since "clear enunciation of a legislative choice overrides any constructional preference for prospective or retrospective application that might otherwise obtain." *Raymond v. Jenard,* 120 R.I. 634, 637, 390 A.2d 358, 359 (1978). The defendant also seems to argue that retroactive application of a provision for arbitration in these circumstances might give rise to constitutional difficulties. Any such suggestion is clearly without merit. The Rhode Island Constitution reposes all legislative power in the General Assembly by virtue of article 6, section 2. In addition, article 6, section 10, provides: "The general assembly shall continue to exercise the powers it has heretofore exercised, unless prohibited in this Constitution." The Rhode Island General Assembly has there-

fore been clothed with all legislative powers unless specifically forbidden by the constitution. *See, e.g., Gorham v. Robinson,* 57 R.I. 1, 186 A. 832 (1936); *Providence v. Moulton,* 52 R.I. 236, 160 A. 75 (1932). Since the time of the charter of King Charles II the power of the Rhode Island General Assembly has been plenary. *Gelch v. Board of Elections,* 482 A.2d 1204, 1208 (R.I. 1984); *Payne & Butler v. Providence Gas Co.,* 31 R.I. 295, 315–17, 77 A. 145, 154 (1910). This plenary power still exists save insofar as it may be prohibited in express terms by the constitution of this state or limited by the federal constitution.

■ There is no question that as far as any state department, including the Department of Transportation is concerned, the Legislature may waive any right that heretofore existed in respect to the resolution of any dispute. Even though the Legislature may not abrogate the right of Rhode Island citizens to a jury trial, *State v. Vinagro,* 433 A.2d 945 (R.I. 1981), no such inhibition would arise in respect to its waiving any such right on behalf of the state itself. Consequently, in the case at bar the substantive versus procedural analysis is of little or no importance.

■ The defendant also argues that the trial justice should not have departed from a decision rendered in an earlier case, *Cardi Corp. v. City of Warwick,* C.A. No. 84–2939, in which the Cardi Corporation attempted to apply a 1984 amendment to § 37–16–2 (providing for arbitration) to a contract executed prior to the effective date of such amendment. Another justice of the Superior Court had decided that said amendment was prospective and not retrospective in application. Although the foregoing case dealt with a municipal corporation as opposed to the state itself and therefore may have been distinguishable on that ground, we take this opportunity to dispel any notion that Superior Court justices are bound by prior decisions made by their colleagues. It is true that we have adopted a general rule of convenience that in a particular case a decision made by one judge of coordinate jurisdiction should not in the absence of special circumstances be set aside by another justice passing upon the identical question in the same case. *Goodman v. Turner,* 512 A.2d 861, 864 (R.I. 1986); *Salvadore v. Major Electric & Supply, Inc.,* 469 A.2d 353, 355–56 (R.I. 1983). *See Rhode Island Hospital Trust National Bank v. National Health Foundation,* 119 R.I. 823, 384 A.2d 301 (1978).

However, we shall not extend the doctrine of law of the case to provide a rule of *stare decisis* regarding decisions of trial courts as having binding effects upon other members of the same or coordinate trial courts. Obviously, a well-reasoned decision of a trial justice of coordinate jurisdiction may have a persuasive effect upon another justice of a trial court. However, only the decisions of this court are of binding effect upon all justices of trial courts of this state.

■ It has also been argued by the plaintiffs that the defendant's appeal in this case is interlocutory and therefore should not be considered by this court at this time. We consider that an order for arbitration in the context of the case at bar has sufficient elements of finality, *McAuslan v. McAuslan,* 34 R.I. 462, 83 A. 837 (1912), so that appellate review is called for before the case is finally terminated. In these days of significant trial delay, an order that requires a party to go forward with arbitration should be tested in this court upon the application of the objecting party before requiring the case to be fully litigated in a tribunal whose jurisdiction has been challenged. Moreover, in the instant case, since we are considering a method of resolution of public contracts, the interest of the public in a prompt and definitive determination of the procedural method of resolution is of significant importance and should outweigh any reluctance that this court may have manifested in the past in respect to the consideration of interlocutory appeals.

For the reasons stated, the defendant's appeal is denied and dismissed. The order entered in the Superior Court is affirmed, and the papers in the case may be remanded to the Superior Court.