**S.V. FRONT STREET CORP.**

v.

**JOHN MATTSON CO., INC. d/b/a Tri–City Construction and North American Site Developers.**

**No. 92–154–Appeal.**

Supreme Court of Rhode Island.

Dec. 18, 1992.

ORDER

This matter was before the Supreme Court pursuant to an order issued to both parties to appear and show cause why the issues raised in this appeal should not be summarily decided.

In this case the trial justice had granted defendant's motion to compel arbitration on February 14, 1990. The order implementing the same was filed on February 16, 1990. On July 24 and 25, 1991, arbitration hearings were held and on September 7, 1991, an award was rendered in favor of defendants. On January 16, 1992, the defendant filed and was granted a motion to affirm the arbitrators award. Judgment was entered on September 7, 1991. On February 4, 1992, plaintiff appealed both the trial justice's grant of a motion to compel arbitration and the motion to confirm the arbitrators award.

In *Forte Brothers, Inc. v. Department of Transportation*, 541 A.2d 1194 (R.I. 1988) this court ruled that an order compelling arbitration had sufficient elements of finality to require appellate review before it is finally terminated. Although *Forte* granted the right to appeal to a party who had objected to arbitration and lost, it also stood for the proposition that an appeal should be sought at the time it is determined that the case should be arbitrated so as not to subject the case to significant delay.

It is the conclusion of this court that in this case the plaintiff's failure to file a timely appeal after the motion was granted compelling arbitration, caused plaintiff to lose its right of appeal. Therefore, the

matter appealed may not be heard on the merits at this time.

If the matter had been heard on the merits, it is apparent to the court that the factual determination by the trial justice that there was an agreement to assume responsibility to perform all of the work under the terms of the original contract. Therefore, the plaintiff's would not have prevailed had the appeal been timely filed.

For these reasons the plaintiff's appeal is denied and dismissed, the order confirming the award is affirmed and the papers of the case are remanded to the Superior Court.