DECISION
Before this court is a petition filed by the plaintiff, Providence Journal Company (hereinafter called "the Journal"), to vacate the order entered by the defendant, Judge Dominic Cresto, (hereinafter called "the trial judge), in a pending criminal action. The trial judge ordered sealed a portion of the Bill of Particulars filed by the Attorney General for the State of Rhode Island in the criminal case pending against former Governor Edward DiPrete and his son, Dennis DiPrete, (hereinafter called "the defendants"). State of Rhode Island v. Edward D. DiPrete andDennis L. DiPrete, P1/94-1000.
The parties in the criminal action moved to close the contents of the Bill of Particulars filed by the Attorney General for the State of Rhode Island. On December 15, 1995 the trial judge considered that motion in an in camera hearing that was conducted on the record and in the presence of all parties. On December 28, 1995, the trial judge issued an order to seal a portion of a lengthy Bill of Particulars. The Journal brought this civil action for declaratory judgment and subsequently, filed the instant petition to vacate the trial judge's order of December 28, 1995. All of the parties to this matter conceded that there are no material issues of fact and that the matter raises only a question of law. Briefs were requested and filed by all. The matter is ripe for decision.
The Journal argues primarily that the trial judge failed to conform to proper procedure when issuing the protective order. The Journal contends that as a result of this improper procedure the sealing order is fatally defective and warrants an immediate reversal by this court. Defendants countervailing arguments asserts that the trial judge correctly applied the Rhode Island Supreme Court's prefatory requirements when he sealed discovery in the criminal case. Alternatively, they contend that even if the trial judge employed improper procedure, this court should keep the records sealed to protect the defendants' right to a fair trial.
The United States Supreme Court has recognized that the press's right of access under the First Amendment is not absolute and may be curtailed upon a showing that such an abridgment, on balance, is outweighed by, e.g., a compelling government interest and, as well, by a the defendants' Sixth Amendment right to a fair trial. Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606-07, 102 S.Ct. 2613, 2620, 73 L.Ed.2d 248, 257 (1982); Nebraska Press Assn. v. Stuart, 427 U.S. 539, 570, 96 S.Ct. 2791, 2808, 49 L.Ed.2d 683, 704 (1976); See, Globe Newspaper Co. v.Superior Court, Supra, (statute requiring closed courtroom where minors testifying about sex crimes found unconstitutional);Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) (closure of records criticized for its unnecessary broad scope and failure to articulate specific findings). United States v. Smith, F.2d, 1104 (1985 3rd Cir.) (. . .sealing of a list of names of unindicted co-conspirators outweighs public interest in disclosure and protects the 6th Amendment rights of the accused to a fair trial).
It is against this landscape that the Rhode Island Supreme Court has directed trial judges to satisfy four criteria in order to insulate criminal records from public access. State v. Cianci,496 A.2d 139 (R.I. 1985). Cianci provides in relevant part:
 "A protective order (1) must be narrowly tailored to serve the interests sought to be protected, (2) must be the only reasonable alternative, (3) must permit access to those parts of the record not deemed sensitive, and (4) must be accompanied by the trial justice's specific finding explaining the necessity for the order." Id. at 144.
The Journal's collateral attack on the trial judge's order has placed this court in the unusual posture of evaluating an order of another judge of this court. See, Forte Bros. v. D.O.T.,541 A.2d 1194, 1196 (R.I. 1981) ([A] decision made by one judge of coordinate jurisdiction should not in the absence of special circumstances be set aside by another justice passing upon the identical question in the same case.")
This court is not being asked to determine whether the trial judge was right or wrong in ordering the records sealed. It is being asked to determine whether the protective order issued by the trial judge protects the sealed portion of the Bill of Particulars.
In the instant case, the challenged order reads as follows:
 That the State's Motion is granted in part and denied in part. Specifically, it is hereby ordered that the clerk shall seal the State's Compliance with Order Compelling Particulars as follows:
 That portion of the document which begins at the fourth paragraph on p. 70, and continuing through and including the first (1st) full paragraph on p. 71.
 The court finds that the portion ordered sealed contains materials of a sensitive nature pursuant to State v. Cianci, 496 A.2d 139 (R.I. 1985), and therefore declines to release that part of the record. The Court determined there to be no Sixth Amendment violation in entering such an order.
 The State's Motion is denied as to the balance of the document, and same shall become part of the record of this case." December 28, 1995 Order of Cresto, J.
Juxtaposing the trial judge's order with the criteria set forth in Cianci, a portion of the order appears incomplete. While the order clearly and quite properly permits access to those parts of the Bill of Particulars not deemed sensitive, the order invites further explanation as to the necessity for the protective order, as well as a clearer indication of the compelling interest to be served by its issuance. With those amplifications the trial judge's order would otherwise satisfy the predicates of Cianci.
Consequently, this court is obliged to find that the order of December 28, 1995, in its present form, permits public access to the sealed portions of the state's Bill of Particulars filed and the stenographic record developed from the in camera proceeding. Although the trial judge may still augment the order consistent with the directives of Cianci, this court is without the authority either to do so sua sponte or to remand the matter directly to the trial judge for his further consideration. Accordingly, this court grants plaintiff's petition for declaratory judgment and vacates the order of December 28, 1995.
The plaintiff shall prepare the appropriate judgment for entry. Any motions for a stay of the judgment shall be filed in conformance with the applicable Rules of Civil Procedure.