Kimberly I. TURNER, Child of Mary J. Turner, Next Friend and State of Rhode Island, Department of Human Services

v.

Frank MOSCA.

No. 96–314–Appeal.

Supreme Court of Rhode Island.

Oct. 30, 1997.

Lois Iannone, Harrisville.

Louis M. Cioci, Providence.

## ORDER

This case came before a panel of the Supreme Court on October 21, 1997, pursuant to an order that directed the parties to show cause why the issues raised by this appeal should not be summarily decided. The defendant, Frank Mosca, appealed from a Family Court judgment finding him to be the biological father of plaintiff, Kimberly I. Turner, and ordering him to pay both current and retroactive child support plus attorney fees.

After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

The plaintiff was born to Mary J. Turner (Turner), an unwed mother, on February 18, 1978. Turner contended that she had an exclusive sexual relationship with defendant at the time of conception. She discovered her pregnancy in July of 1977 and promptly notified defendant. In September of 1977, Turner received a letter from defendant's attorney denying defendant's paternity and requesting that she stop harassing him. Once plaintiff was born, however, defendant developed and maintained a continuous father/daughter relationship with her and at times contributed money for her support. In October 1992, Turner named defendant as plaintiff's father when she applied for and received financial aid through the Rhode Island Department of Human Services (DHS). DHS subsequently initiated a paternity suit.

Court-ordered genetic blood tests indicated a 99.99% probability of paternity. The defendant appealed the paternity finding and the order requiring him to pay retroactive and on-going child support in addition to attorney fees.

The defendant argued that plaintiff's paternity action was barred by the statute of limitations in G.L. 1956 Sec. 15–8–6, which does not permit a paternity action to be brought "later than four (4) years after the birth of the child." Subsequent amendments to the statute, however, extended the period within which such an action can be brought "by or on behalf of a child whose paternity has not been determined * * * until four (4) years after the child reaches the age of majority." In *Spagnoulo v. Bisceglio*, 473 A.2d 285, 289 (R.I.1984) this Court specifically acknowledged the expanded statute of limitations. In the present case, the claim was brought in plaintiff's name and on her behalf before she reached the age of majority, and thus, the claim was not barred by the statute of limitations.

The defendant further argued that the doctrine of equitable estoppel should apply because defendant notified Turner of his paternity challenge through his attorney's letter dated September 8, 1977, and Turner took no action to enforce plaintiff's right to support for over 15 years. The trial court, however, rejected this claim and found that defendant's actions were a mitigating factor in "lulling" Turner "into a sense of complacency" because defendant established a close relationship with plaintiff, contributed to her support, promised to establish a trust fund for her, helped with her homework, signed her report card, and permitted her to call him "daddy."

This evidence along with the results of genetic testing provided ample evidence for us to affirm the trial judge's finding of paternity.

The defendant also contended that the child support award was excessive in requiring retroactive payment for six years of private school education. We shall not disturb a determination of support, however, absent a showing of clear abuse of discretion. *Matt-*

*era v. Mattera,* 669 A.2d 538 (R.I.1996). No such showing has been made in this case, given that the award clearly falls within the statutory guidelines that limit a father's liability for past education and support "to a period of six (6) years next preceding the commencement of an action." G.L. 1956 Section 15–8–4.

The defendant's claim that excessive attorney fees were awarded is without merit. General Laws 1956, Section 15–8–25 specifically directs that following an order declaring paternity and providing support, "court costs, including the costs of legal services of the attorney representing the petitioner" * * * shall be taxed against the defendant." The fees awarded in this case represented plaintiff's actual attorney fees.

Therefore, we deny and dismiss the defendant's appeal and affirm the judgment of the Family Court, to which we remand the papers in the case.

FLANDERS and GOLDBERG, JJ., did not participate.